# KEAULOA (k) and KAPELA (w) *v.* NAMOKUEONO EWALIKO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 26, 1901.        DECIDED JULY 13, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The allegations of fraud contained in a bill to set aside a deed, held not sustained by the evidence.

The presumption of fraud, if any, arising from the facts of the existence of a relation of trust and confidence between the grantor and the grantee in a deed and the lack of any substantial, financial consideration for the conveyance, is not conclusive but may be rebutted by other evidence.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity wherein the cancellation of a deed, executed April 28, 1900, and conveying certain described land belonging to complainant Keauloa and situate in Honolulu, Oahu, is prayed for. The complainants, husband and wife, allege that they are old and uneducated and unable to read; that for sometime prior to April 28, 1900, "defendant together with Emalia Akiona had been living with plaintiffs on the premises in question, and had from time to time contributed certain sums for their support and maintenance, and had shown great kindness to them, in consequence of which plaintiffs came to lean upon said defendant and said Emalia Akiona and to be guided by their wishes and advice, and reposed entire con-

fidence in them, said defendant and said Emalia Akiona;" that in consequence of the repeated suggestions of respondent and Emalia Akiona and of their statements that, if the conveyance was made, they, respondent and Emalia, would live with complainants and take care of them during the remainder of their lives, the complainants consented to execute a deed of the said land to respondent and said Emalia for the nominal consideration of one dollar; that the deed was prepared under directions given by respondent and Emalia and was by the latter, with intent to cheat and defraud the complainants, made absolute in form and without any provision concerning support of the complainants for the remainder of their lives; that complainants had no independent advice in the matter and executed the deed without knowledge of its contents or of the fact that it contained no provision with reference to support and in the belief that "by reason of said conveyance respondent and said Emalia Akiona would be obliged and bound to support plaintiffs during the remainder of their said lives;" that about three weeks after the execution of the said deed Emalia died and thereupon respondent ceased to contribute anything to the support of the complainants; and that respondent denies any obligation to support complainants.

After trial on the merits, the bill was dismissed. The following findings of fact, with others, were made by the Circuit Judge: "That the complainants are husband and wife and reside in Honolulu, Island of Oahu, Territory of Hawaii; that the defendant herein Namokueono Ewaliko is a resident of Honolulu aforesaid; that on the 28th day of April, 1900, the complainant Keauloa was the owner of all that certain piece or parcel of land described in the bill of complaint herein; that for some time prior to the date mentioned in said deed, the defendant together with one Emalia Akiona, had been living with complainants on the premises in question and had from time to time contributed certain sums for the support and maintenance of complainants and had shown great kindness to them; that on the said 28th day of April, 1900, the complainants made, ex-

·ecuted and delivered to the defendant Namokueono Ewaliko
and Emalia Akiona the deed before referred to; that said deed
was prepared and drafted by one John M. Kea under the direc-
tions and instructions of the complainant Keauloa, to whom said
deed was read and explained before he subscribed the same; and
that said deed was likewise read and explained to the complain-
ant Kapela before she signed the same; that said deed was ac-
knowledged by both of the complainants with full knowledge of
its contents and understandingly; that the complainants were not,
nor were either of them subjected to any undue influence of the
part of the defendant Namokueono Ewaliko or the said Emalia
Akiona, nor were the said complainants or either of them sub-
jected to any menace, duress, fraud or threats on the part of
said Namokueono Ewaliko, defendant herein, and Emalia Aki-
·ona, or either of them."

After an examination of the transcript of the evidence, our
conclusion is that the preponderance of the evidence justifies
and requires these findings. The essential averments of the bill
on the subject of fraud were clearly disproven by the testimony
of disinterested witnesses. We believe that the deed was ex-
·ecuted, not because of any importunities or suggestions on the
part of respondent or of Emalia, but of Keauloa's own motion.
Keauloa was advanced in years and in ill health and by reason
of the kindness theretofore shown and contributions for support
furnished his wife and himself by respondent and Emalia and
also, doubtless, moved in part by the fact that Emalia was his
wife's grand-daughter, he deemed it wise to give and convey the
land to respondent and Emalia, trusting that they would con-
tinue, as in the past, to contribute to their support and main-
tenance. The instructions to Kea for the drafting of the deed
were given by Keauloa himself; neither of the grantees took
any part in the giving of such instructions or in any way in-
terfered therein. The instrument was read and explained by
Kea both to Keauloa and to Kapela before execution, and was
executed with full knowledge of its contents.

On behalf of the complainants it is contended that the

respondent having in her answer admitted the truth of the allegation of the bill hereinabove quoted concerning the confidence reposed by complainants in respondent and Emalia, and it appearing that the consideration for the conveyance was nominal, equity will not uphold the transaction but will decree the cancellation of the deed. Assuming that such a confidential relation existed between the parties that from that fact and from the further fact of the absence of any substantial, financial consideration, fraud will be presumed, still that presumption is not a conclusive one but may be rebutted by other evidence. In this case the presumption, if any, has been overcome by other evidence adduced.

In the presentation of their case the complainants introduced some evidence tending to show the mental condition of Kapela at the date of the trial and for some time prior thereto. At the close of the respondent's case, the complainants sought to introduce, as rebuttal, further evidence on the subject, to show with greater certainty the time when, as claimed, Kapela first became mentally unsound, but, on objection, the Court declined to receive such evidence on the ground that it was not rebuttal. We think that this ruling was correct. Although for the respondent some evidence was adduced tending to show that Kapela was mentally sound at the date of the execution of the deed, nothing was brought out which entitled complainants to introduce as rebuttal the testimony offered. It may have been within the discretion of the Court to admit the testimony, irrespective of whether it was rebuttal or not, but the refusal so to do was not, under the circumstances, an abuse of discretion.

On all the evidence it is impossible to find that at the date of the deed Kapela was mentally unsound and incapable for that reason of making the conveyance in question. It may be added that it is not averred in the bill that she was thus unsound or incapable at that time; the relief is prayed for, not on the theory of mental incapacity, but on the other grounds above recited.

The decree appealed from is affirmed.

*Magoon & Thompson* for complainants.

*S. K. Ka-ne* for respondent.