JANE DOE I, Petitioner-Appellant, *v.* RICHARD ROE I, Respondent-Appellee, and HENRY HOE, Respondent

NO. 7663

(FC-P NO. 5043)

FEBRUARY 4, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

In this paternity case, the mother, who is the Petitioner-Appellant (hereinafter "Petitioner"), appeals the trial court's granting of the alleged father's, who is the Respondent-Appellee (hereinafter "Respondent"), Rule 41(b), Hawaii Family Court Rules (HFCR), motion to dismiss made at the close of the Petitioner's evidence.

Petitioner asserts three trial court errors:

1. Error in refusing to receive three letters into evidence.

2. Error in granting Respondent's motion to dismiss the petition.

3. Error in failing to enter findings of fact and conclusions of law as required by Rule 52(a), HFCR.

Finding no error, we affirm.

Petitioner married Respondent-Husband (Husband) on September 28, 1973. She gave birth to a male child on November 22, 1975. She filed an amended petition[1] on September 22, 1977, naming Husband and Respondent as respondents, alleging Respondent, not Husband, to be the father of the male child.

At Respondent's deposition of Petitioner on June 8, 1977, Respondent learned that Petitioner had in her possession thirteen letters written by him to her. At that point, Petitioner's counsel agreed to provide Respondent with copies of the letters. However, Petitioner's counsel did not do what she had agreed to do.

At a bench trial on January 10, 1979,[2] Petitioner was the first witness. When she attempted to introduce into evidence three[3] of the thirteen letters, Respondent objected because (1) Petitioner's counsel had failed to follow through on her prior commitment; and (2) immediately prior to the trial, Respondent had asked to see the letters but Petitioner's counsel refused the request. No explanation was given, and the court sustained the objection to the introduction of the evidence.[4]

At that point, without objection, Husband was permitted to call on his behalf a witness who was waiting to testify. Thereafter, Petitioner called two more witnesses and then she called Husband as an adverse witness. Husband's counsel asked the court not to permit Petitioner to call Husband as an adverse witness, and the court

---

[1] The original petition was filed on January 20, 1977.

[2] The trial was delayed pending the outcome of *Roe v. Doe,* 59 Haw. 259, 581 P.2d 310 (1978).

[3] Respectively dated April 10, 1975, April 29, 1975, and March 2, 1976.

[4] However, immediately thereafter, Petitioner testified without objection that in the three letters Respondent admitted that he was the father of the male child.

granted the request. Then, Petitioner called Respondent as an adverse witness. Respondent's counsel asked the court not to permit Petitioner to call Respondent as an adverse witness, and the court granted the request.

After Petitioner had called her final witness, her counsel pointed out that she had subpoenaed the Custodian of Records at Tripler Army Medical Center but that no one had appeared, and then stated: "I'd like to close my case with just the request that I be allowed to have ... those Tripler records offered." The court accommodated Petitioner and decided to continue the case. However, without objection, to accommodate Husband, Husband was allowed to take the stand. He was examined by his counsel, cross-examined by Respondent, and examined by the court. Petitioner declined to cross-examine him and gave no explanation for her decision.

The case was then continued to May 2, 1979. At this further hearing, Petitioner pointed out that she had "shortly after the trial date in January" provided Respondent with copies of the three letters, and then she requested the court "to reconsider its order" denying the admission of the letters into evidence. The court denied the request.

Petitioner rested and Respondent moved "to dismiss this case." In arguing for his motion, Respondent attacked Petitioner's credibility by referring to differences between her deposition testimony and her trial testimony and between her trial testimony and Husband's testimony. Petitioner responded by advising the court that she intended to call Petitioner as a rebuttal witness to "clarify some of the inconsistencies."[5] The court pointed out to her that she had rested her case and proceeded to rule in favor of Respondent's motion. In doing so, the court explicitly took Husband's testimony into consideration.

---

[5] The credibility issue between Petitioner and Husband involved her testimony in a deposition that she never engaged in sexual intercourse with Husband, her testimony at trial that she and Husband had engaged in sexual intercourse, and his testimony at trial that they never did. Any further testimony by Petitioner on the question of whether or not she and Husband had engaged in sexual intercourse would have been cumulative and repetitious and not in rebuttal. Consequently, the court would not have erred if it had refused to permit Petitioner to testify in rebuttal. *See Keauloa v. Ewaliko,* 13 Haw. 461 (1902); *Mew Kung Tung v. Wong Ka Mau,* 8 Haw. 557 (1893); 75 Am. Jur.2d Trial §§ 150, 151 (1974).

## I. REFUSAL TO ALLOW THREE LETTERS INTO EVIDENCE.

Petitioner's agreement to provide Respondent with copies of the letters was an agreement to comply with Rule 34, HFCR, in lieu of a court order. Her failure to honor her agreement was a violation of Rule 34, HFCR. Consequently, she was subject to the sanctions specified in Rule 37(b), HFCR. Rule 37(b)(2)(b), HFCR, authorizes the court in such situations to prohibit the offending party from introducing designated matters into evidence. That is exactly what the court did in this case, and we find no error in that.

## II. GRANTING OF RESPONDENT'S MOTION TO DISMISS.

## III. FAILURE TO ENTER FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Before we decide these issues, we must decide what rule the court was operating under when it gave judgment on the merits. Did it grant a Rule 41(b), HFCR, motion after the Petitioner completed presentation of her evidence or did it render judgment at the close of all of the evidence under Rule 52(a), HFCR?

Petitioner contends that the court could not rule under Rule 41(b), HFCR, because Husband and one of his witnesses testified out of normal sequence during the presentation of her case. We know of no rule or precedent which says that a defending party loses his or her right to obtain judgment under Rule 41(b), HFCR, whenever a co-defending party and one of his witnesses, without objection, are allowed to testify out of normal sequence during the presentation of a petitioning party's case, and we decline to create one.

Upon a review of the record, we conclude that judgment was issued under Rule 41(b), HFCR, and not Rule 52(a), HFCR.

The first sub-issue is whether a co-defending party's testimony which has been given, without objection, out of normal sequence during the petitioning party's case may be considered by the court when deciding a Rule 41(b), HFCR, motion. Again, we know of no rule or precedent that prohibits consideration of such testimony, and we decline to create one.

The second sub-issue is whether the trial court, when deciding a Rule 41(b), HFCR, motion to dismiss, may resolve credibility conflicts and award judgment on the merits where appropriate. Our

answer is yes. *Kim v. State,* 62 Haw. 483, 616 P.2d 1376 (1980); WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2371 (1971).

The third sub-issue is whether the court reversibly erred when it failed to enter findings of fact and conclusions of law. Our answer is no.

The Hawaii Family Court Rules apply in this case.[6] They are a modified version of the Hawaii Rules of Civil Procedure (HRCP). Rule 41(b), HRCP, states in relevant part: "If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." The quoted sentence was omitted from Rule 41(b), HFCR.

Rule 52(a), HRCP, states in relevant part: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." This quoted sentence was also omitted from Rule 52(a), HFCR. On the contrary, Rule 52(a), HFCR, provides in relevant part: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or any other motion."

Therefore, we conclude that Rule 52(a)'s, HFCR, requirement that upon filing of the notice of appeal the court shall enter its findings of fact and conclusions of law where none has been entered does not apply to judgments on the merits granted under Rule 41(b), HFCR.[7]

Affirmed.

*Diane T. Kawauchi,* Deputy Corporation Counsel, for petitioner-appellant.

*Benjamin J. Cayetano* for respondent-appellee.

---

[6] *See* Rule 81(a)(5), HFCR, and Hawaii Revised Statutes Chapter 584 (1976, as amended).

[7] Even under Rule 52(a), HRCP, the failure to make findings of fact and conclusions of law is not a jurisdictional defect and the appellate court may decide the appeal notwithstanding their absence if it is in a position to do so. *Application of Sing Chong Co., Ltd.,* 1 Haw. App. 236, 617 P.2d 578 (1980).