THOMAS N. DOSLAND, Plaintiff-Appellee, *v.* CHRISTINE M. DOSLAND, Defendant-Appellant

NO. 9261

(FC-D NO. 8974)

MARCH 14, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS

Defendant Christine M. Dosland (Christine) appeals the "Order Denying Defendant's Motion to Set Aside Default Decree After Divorce." We affirm.

The issue is whether a second motion pursuant to Rule 60(b), Hawaii Family Court Rules (HFCR), may be brought on the same grounds as a prior Rule 60(b) motion which was denied and never appealed. The answer is no.

Plaintiff Thomas N. Dosland (Thomas) filed for divorce in the Second Circuit Court on November 16, 1981. He obtained an order to serve Christine by certified mail at her home address in California. At that time Christine was attending a police cadet training school which required attendance from 7:00 a.m. to 5:00 p.m., Monday through Saturday. She maintains that due to this schedule she could not go to the post office and thus never received the certified mail. Thomas never attempted to contact Christine by regular mail or through her family. He obtained permission from the court to serve her by publication based on his sworn statement that Christine was concealing herself.

After publication in the *Maui News,* a hearing was held on February 5, 1982. The court granted the divorce and divided the two major marital assets. Thomas was awarded the unencumbered real property owned by the parties in Huelo, Maui, and Christine was awarded the real property located in Hermosa Beach, California, subject to a mortgage. There is nothing in the record indicating that the court required appraisals or any other valuation of the property.

Christine filed a Motion and Affidavit to Set Aside Default Decree of Divorce on April 27, 1982. The motion erroneously cited Rule 60(b) of the Hawaii Rules of Civil Procedure. In the affidavit attached to the motion, Christine asserted that she did not receive a copy of the complaint and thus did not have an opportunity to defend. The motion was denied on June 2, 1982. No appeal was taken from that denial.

Six months later, on December 6, 1982, Christine filed a second Motion to Set Aside Decree After Divorce pursuant to Rules 60(b)(1) and 60(b)(4), HFCR. A review of the record indicates that the motion was made on the same grounds as the April 27, 1982

motion. The December 6, 1982 motion simply limited the request for relief to subsections (1) and (4) of Rule 60(b).

Generally, the court will liberally construe Rule 60(b) motions in cases of default in order that the claim may be decided on the merits. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2852 (1973). However, this policy must be weighed against the need to achieve finality. *Id.*

The June 2, 1982 order denying Christine's original motion was final and appealable. 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2871 (1973). Since it was not appealed within the time limit specified in Rule 73(a), HFCR, it became the final and binding law of the case prior to the filing of Christine's second motion on December 6, 1982, *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127 (5th Cir. 1975); 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: *Jurisdiction* § 4478 (1981), and as such, it bars consideration of a subsequent motion under Rule 60(b), HFCR, which is based on the same grounds. *See Jordan v. Hamada,* 64 Haw. 446, 643 P.2d 70 (1982); *Glover v. Fong,* 42 Haw. 560 (1958).

Affirmed.

*John S. Carrol (Michael D. Smith* with him on the briefs) for appellant.

*John J. Baker* for appellee.