PA`I T. TAVARES, Petitioner-Appellee,
v.
RICKY DYER, Respondent-Appellant.
No. 26532.
In the Intermediate Court of Appeals of Hawaii.
February 21, 2007.
On the briefs:
Arthur E. Ross, for Respondent-Appellant.

SUMMARY DISPOSITION ORDER
BURNS, C.J., FOLEY and FUJISE, JJ.
Respondent-Appellant Ricky Dyer (Dyer) brings this appeal from the "Order for Protection" issued on October 1, 2003 (Protective Order) and the "Order Denying Respondent's Motion to Set Aside Protective Order Issued on October 1, 2003 on the Ground of Fraud" (Order Denying Motion to Set Aside) entered herein by the Family Court of the First Circuit (family court)[1] on April 21, 2004.
Preliminarily, we raise, sua sponte,[2] whether this court has jurisdiction over this appeal. "A jurisdictional defect in an appeal cannot be waived by the parties or disregarded by us. We must dismiss an appeal on our own motion if we lack jurisdiction." State v. Johnston, 63 Haw. 9, 10-11, 619 P.2d 1076, 1077 (1980).
In his April 23, 2004 Notice of Appeal,[3] Dyer states that he appeals from the October 1, 2003 Protective Order and the April 21, 2004 Order Denying Motion to Set Aside. In family court civil cases, appeals may be taken from final judgments, orders or decrees of the family court. Hawaii Revised Statutes (HRS) §§ 641-1(a) (Supp. 2006) and 571-54 (Repl. 2006). The October 1, 2003 Protective Order was a final order, appealable within 30 days as provided in Hawai`i Rules of Appellate Procedure (HRAP) Rule 4(a). Here, Dyer did not file a timely notice of appeal from the October 1, 2003 Protective Order. Thus, we lack jurisdiction to consider his appeal from that order.
Dyer also appealed from the Order Denying Motion to Set Aside, an appealable final order under HRS § 641-1(a). First Trust Co. of Hilo, Ltd. v. Reinhardt, 3 Haw. App. 589, 592, 655 P.2d 891, 893 (1982); Dosland v. Dosland, 5 Haw. App. 87, 89, 678 P.2d 1093, 1095 (1984). Review of an order denying relief under Hawai'i Family Court Rules (HFCR) Rule 60(b) brings up for review only the denial of the HFCR Rule 60(b) motion and not the underlying final judgment or final order. Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 2871 at p. 424 (1995).[4]
Thus, we review Dyer's points on appeal only insofar as they relate to his challenge to the Order Denying Motion to Set Aside. Absent even an allegation that the court's construction of the statutory definition of family or household member resulted in an absurdity, the family court was bound, as is this court, by the plain and unambiguous language of HRS § 586-1, which includes those who formerly resided together. Liberty Mutual Fire Ins. Co., v. Dennison, 108 Hawai`i 380, 384, 120 P.3d 1115, 1119 (2005).
Dyer also challenges the protective order hearing conducted by the family court, claiming that it "did not afford Mr. Dyer the full and fair hearing to which he was entitled." However, as we have no jurisdiction to review the Protective Order and Dyer did not raise this as a basis for his Motion to Set Aside, we decline to reach the issue. Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai`i 214, 248, 948 P.2d 1055, 1089 (1997).
Finally, the family court retained jurisdiction, post notice of appeal, to enter of findings of fact and conclusions of law. HFCR Rule 52(a). Tetreault v. Tetreault, 99 Hawai`i 352, 356, 55 P.3d 845, 849 (App. 2002), Doe v. Roe, 3 Haw. App. 15, 18 639 P.2d 1121, 1124-25 (1982).
Therefore, the Family Court of the First Circuit's April 21, 2004 Order Denying Respondent's Motion to Set Aside Protective Order Issued on October 1, 2003 on the Ground of Fraud is affirmed.
NOTES
[1] The Honorable Richard A. Marshall (per diem judge) presided.
[2] Petitioner-Appellee Pa'i T. Tavares did not file an answering brief.
[3] Although Respondent-Appellant Ricky Dyer (Dyer) references a July 30, 2004 Amended Notice of Appeal in his Statement of Jurisdiction filed on August 2, 2004 in this appeal, the former document is not part of the record on appeal and he did not remedy the omission and thus fulfill his responsibility to ensure that the record is complete. Hawai'i Rules of Appellate Procedure (HRAP) Rule 11(a) (2004).
[4] We are also without jurisdiction to consider Dyer's challenges to the November 7, 2003 order denying his October 14, 2003 "Motion for Reconsideration for the Hearing October 1, 2003" and to the December 22, 2003 order denying his November 18, 2003 Motion to Dissolve and to Dismiss for Lack of Family Court Jurisdiction.

Dyer did not appeal from the November 7, 2003 post-judgment order. He did not file a notice of appeal within 30 days of the order as required by HRAP Rule 4(a)(3). Moreover, as his motion was filed on the eleventh day after the October 1, 2003 Protective Order, as the time is calculated under Hawai`i Family Court Rules (HFCR) Rule 6(a), it was untimely. As the family court could not extend the time to file this motion, HFCR Rule 6(b), it was without jurisdiction to consider it, as are we.
The November 18, 2003 motion was also a post-judgment motion finally decided by the December 22, 2003 order and was appealable within thirty days after it was entered. HRS §§ 641-1(a) and 571-54; HRAP Rule 4(a)(1). As no notice of appeal, was filed within that time, we lack jurisdiction to review this order as well.