**LaBRIE, INC. v. VERMONT DEPARTMENT OF ENVIRONMENTAL CONSERVATION, et al.**

[596 A.2d 354]

No. 90-111

July 9, 1991. This action was dismissed by the superior court because the plaintiff corporation is being represented by one of its stockholders and officers, a nonlawyer, who refuses to obtain counsel for it. We concur with the trial court that generally a corporation must appear through counsel and that the failure to obtain counsel in this case was grounds for dismissal. See *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983). The record does not support plaintiff's claim that the corporation cannot afford counsel so that a requirement of counsel will deny the corporation access to the courts. Thus, there is no factual basis for plaintiff's argument that the counsel requirement offends Chapter I, Article 4 of the Vermont Constitution. Nor does the record support plaintiff's argument that one superior judge denied a motion to dismiss on the same ground as the action was eventually dismissed. Since the entry order of the first superior judge does not mention the counsel issue, we conclude that the decisions were on separate grounds and there was no horizontal appeal from one judge to another. See *In re Knapp*, 152 Vt. 59, 62–63, 564 A.2d 1064, 1065–66 (1989). There was no judge shopping or violation of V.R.C.P. 11.

*Affirmed.*