**UNITED ACCOUNTS, INC.,**
**Plaintiff and Appellee,**

**Northport–Manchester Association, Vern Kepler, Kepler Company, Plaintiffs,**

**v.**

**TELADVANTAGE, INC., Defendant and Appellant.**

Civ. No. 940232.

Supreme Court of North Dakota.

Dec. 2, 1994.

William C. Severin of Severin and Ringsak, Bismarck, for plaintiff and appellee United Accounts, Inc. Submitted on brief.

Martin E. O'Connor, pro se.

PER CURIAM.

Teladvantage, Inc., acting through an officer and stockholder, appealed an order denying its motion for relief from a final summary judgment. We summarily dismiss this appeal.

■ This is a sequel to *United Accounts, Inc. v. Teladvantage, Inc.*, 499 N.W.2d 115 (N.D.1993) (*Teladvantage I*), where we affirmed a summary judgment for United Accounts. After remand, again acting through Martin E. O'Connor, not an attorney, Telad-

vantage moved for NDRCivP 60(b) relief from the judgment, claiming that it mistakenly failed to respond to the original motion for summary judgment. The trial court denied relief, noting that Teladvantage deliberately chose not to respond although it was properly notified and had an officer present at the hearing. Teladvantage appeals with a notice of appeal and an appellant's brief, both signed by O'Connor who is not licensed to practice law.

United Accounts' responsive brief points out that no cost bond has been filed and that O'Connor continues to act for the corporation despite our warning in *Teladvantage I* at 117, n. 1, that a corporation "cannot appear pro se, and must be represented by counsel in court proceedings." *See also* NDCC 27–11–01: "Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which he is not a party concerned...." No statute or rule permits an unlicensed agent to litigate for a corporation. Therefore, on our own initiative, we summarily dismiss this appeal.

The appellant's brief filed by O'Connor asserts that our prior opinion was wrong and that O'Connor may nevertheless represent the corporation. O'Connor cites a South Dakota trial court opinion that likened a corporation to a person for equal protection, and there allowed a corporation to appear through a stockholder not licensed to practice law.

■ A trial court decision, particularly one in a different case and from another jurisdiction, is not authoritative. *See Fargo Public Library v. City of Fargo Urban Renewal Agency*, 185 N.W.2d 500, 504 (N.D.1971) ("The decisions of lower courts are not binding upon appellate courts."). We reject O'Connor's inartful argument.

■ It is well established that a corporation does not have a constitutional right to litigate through agents who are not licensed to practice law. In Hawaii, the "prevailing

rule" has also been that "a corporation cannot appear and represent itself either in proper person or by its officers." *Oahu Plumbing & Sheet Metal v. Kona Constr.*, 60 Haw. 372, 590 P.2d 570, 572 (Haw.1979). Moreover, in that case, the Hawaiian Supreme Court rejected a constitutional claim, as well, and held that a natural person and a corporation are not similarly situated for litigation. *See LaBrie, Inc. v. Vermont Dep't of Envtl. Conservation*, 157 Vt. 642, 596 A.2d 354 (Vt.1991); *Walacavage v. Excell 2000, Inc.*, 331 Pa.Super. 137, 480 A.2d 281, 283 (Pa.Super.Ct.1984). *See also Rowland v. California Men's Colony*, — U.S. —, —, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.").

O'Connor is not entitled to file a brief for his corporation in this or any other legal action. We reject the brief and summarily dismiss this appeal as frivolous.

■ A failure to comply with proper appellate procedure is also grounds for dismissal. *Federal Land Bank of St. Paul v. Overboe*, 426 N.W.2d 1, 3 (N.D.1988), citing NDRAppP 3(a) ("Failure of an appellant to take any step ... is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."). NDRAppP 7 requires a cost bond unless "exempted by law," by "fil[ing] a supersedeas bond or other undertaking which includes security for the payment of costs on appeal," or by obtaining a written waiver from the appellee. United Accounts has been prejudiced because Teladvantage has not given security for payment of any costs awarded to United Accounts. Teladvantage has made no effort to cure this defect or to justify its failure.

Since O'Connor has persisted, after warning, in a frivolous effort to represent his corporation in court though not licensed to do so, and Teladvantage has not filed the required cost bond, we summarily dismiss this appeal.

VANDE WALLE, C.J., and MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.