2007 ND 79

Irene M. DVORAK, n/k/a Irene
M. Howard, Plaintiff and
Appellee

v.

Larry H. DVORAK, Defendant
and Appellant

and

Russell D. Schank, CTFA, Garnishee

and

Harold Dahl, Intervenor.

No. 20060050.

Supreme Court of North Dakota.

June 7, 2007.

Lisa Maria Benson, Ward County Regional Child Support Enforcement Unit, Minot, N.D., for plaintiff and appellee.

Larry H. Dvorak, pro se, Riverton, UT, defendant and appellant.

CROTHERS, Justice.

[¶ 1] Larry H. Dvorak appealed from a January 25, 2006 order of the district court deciding the Minot Regional Child Support Enforcement Unit ("Unit"), on behalf of Irene M. Howard, was entitled to garnish Dvorak's interest in the Henry S. & Dorothy F. Dvorak Irrevocable Living Trust ("Trust"), in partial satisfaction of Dvorak's child support arrearages. A final order directing payment of $36,332.84 by the trustee was entered on May 4, 2006. We conclude Dvorak's attempt to assign his interest in the Trust to other parties violated N.D.C.C. § 14–09–08.17, and we affirm the court's order.

I

[¶ 2] Dvorak and Howard were legally separated on June 18, 1992, and the judgment of separation ordered Dvorak to pay child support of $400 per month for the parties' minor children. On February 16, 1993, a judgment of divorce was filed, which continued Dvorak's support obligation of $400 per month. On October 7, 2003, an amended judgment was entered decreasing Dvorak's child support obligation to $17.00 per month for two of the children and $14.00 per month for one child. Thereafter, Dvorak, who was in arrears on child support, filed a motion to reduce his past due support. The district court dismissed the motion on September 3, 2004. Dvorak did not appeal.

[¶ 3] On March 8, 2005, the Unit commenced a garnishment proceeding against Dvorak's interest in the Trust to partially satisfy his child support arrearages of $54,724.48. The Unit served a garnishee summons and complaint on the trustee, Russell D. Schank, CTFA, trust officer with American Trust Center. On May 9, 2005, Schank filed a garnishment disclosure, stating that Larry Dvorak had a direct interest in the Trust of approximately $36,000 and that Dvorak had made separate assignments of his interest in the Trust to Andrew Thompson on July 5, 2004 and to Harold Dahl on August 10, 2004. Schank later deposited $36,332.84, with the clerk of the district court, representing Dvorak's interest in the Trust.

[¶ 4] After a hearing, the district court concluded Dvorak's attempted assignments of his interest in the Trust were void, constituting impermissible disclaimers under N.D.C.C. § 14–09–08.17. On January 25, 2006, the court directed preparation of an order for payment of Dvorak's interest in the Trust to the Unit and Irene Howard in partial satisfaction of Dvorak's child support arrearages. Before a final order was entered, Dvorak filed a notice of appeal on February 13, 2006.

[¶ 5] This Court remanded the case to the district court to resolve a motion for reconsideration made by Dvorak. After the district court denied the motion and transferred the case back to this Court, we again remanded to the district court for entry of a final order of payment. A final order directing the trustee to pay Dvorak's interest to the Unit and Irene Howard was entered on May 4, 2006. Upon Dvorak's request, this Court again remanded to the district court to allow Dvorak to file a motion to vacate judgment or order, motions for contempt, and motions for production of documents. The district court denied all of Dvorak's post-judgment mo-

tions, and the action was again returned to this Court. Dvorak did not file a separate notice of appeal or amend his earlier notice of appeal to perfect an appeal from the post-judgment order denying his motions.

## II

[¶ 6] We must first determine which issues Dvorak has preserved for appeal.

### A

[¶ 7] When a party files a notice of appeal from an interlocutory order, we deem it to be an appeal from a subsequently entered consistent final order or judgment. See Zueger v. Carlson, 542 N.W.2d 92, 94 n. 2 (N.D.1996). Dvorak filed a notice of appeal from the January 25, 2006 interlocutory order, and the court's final order of May 4, 2006 was consistent with the prior order from which Dvorak appealed. Consequently, Dvorak has preserved on appeal the issue decided by the court in those orders whether Dvorak's attempted assignments of his interest in the Trust were valid.

### B

[¶ 8] Dvorak's primary assertion in his post-judgment motions was that the court should have modified his child support arrearages because the initial child support obligation imposed upon him did not fairly take into consideration his physical disability and its adverse effect on his income earning capacity. It is well-settled that a vested child support obligation cannot be retroactively modified. N.D.C.C. § 14–08.1–05(1)(c); Marchus v. Marchus, 2006 ND 81, ¶ 8, 712 N.W.2d 636. When Dvorak filed the post-judgment motions, the child support arrearages had been reduced to a money judgment, and the district court was powerless to amend them. The district court denied the post-judgment motions, and Dvorak did not file an

amended notice of appeal from the denial of the motions.

[¶ 9]   Under N.D.R.App.P. 4(a)(3)(B)(ii), a party challenging an order disposing of specified post-judgment motions, including a motion for relief under N.D.R.Civ.P. 60, must file a notice of appeal or an amended notice of appeal within 60 days after service of notice of entry of the order disposing of the last motion.

[¶ 10]   Rule 4(a)(3), N.D.R.App.P., provides in relevant part:

(a)  Appeal in Civil Case.

. . . .

(3)  Effect of Motion on Notice of Appeal.

(A) If a party timely files with the clerk of district court any of the following motions under the North Dakota Rules of Civil Procedure, the full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion:

(i)  for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54;

(iv) to alter or amend the judgment under Rule 59;

(v)  for a new trial under Rule 59;  or

(vi)  for relief under Rule 60 if the motion is served and filed no later than 15 days after notice of entry of judgment;

(B)(i) If a party files with the clerk of district court any motion listed in subparagraph (a)(3)(A) after a notice of appeal is filed, the party filing the motion must notify the supreme court clerk in writing, and the court may remand the case to the district court for disposition of the motion.

(ii) A party intending to challenge an order disposing of any motion listed in subparagraph (a)(3)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal, in compliance with Rule 3(c), within the time prescribed by this rule measured from the service of notice of the entry of the order disposing of the last such remaining motion.

Construing the identical federal rule, the Federal Circuit Court of Appeals in *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed.Cir.2005), concluded the party intending to challenge an order disposing of any motion listed in the rule must file a notice of appeal or an amended notice of appeal within the time prescribed in by rule and "[t]he courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *See also Sorensen v. City of New York*, 413 F.3d 292, 295–96 (2nd Cir. 2005); *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998); *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir.1997).   Dvorak's failure to file an amended notice of appeal, or a separate notice of appeal, from the court's order denying his post-decisional motions precludes appellate review of the issues raised in those motions.

III

■   [¶ 11]   Dvorak assigned his interest in the Trust to Andrew Thompson on July 5, 2004, and he made a separate assignment of his interest in the Trust to Harold Dahl on August 10, 2004.   Dvorak contends these were valid assignments and the district court erred in ordering the trustee to pay Dvorak's Trust interest to the Unit and Irene Howard in satisfaction of his child support arrearages.

[¶ 12]   Relevant to this issue, N.D.C.C. § 14–09–08.17 provides:

An obligor whose child support obligation is delinquent may not renounce, waive, or disclaim any interest that obligor might otherwise claim in a decedent's estate, a trust, or a similar device, to the extent necessary to satisfy the delinquency. Any attempt to renounce, waive, or disclaim such an interest is void if attempted after notice of the delinquency is furnished to the person administering the estate, trust, or similar device, and is otherwise voidable.

[¶ 13]   The district court found the trust administrator had notice of Dvorak's delinquency in child support payments prior to Dvorak's attempted assignment of his interest in the Trust to Harold Dahl on August 10, 2004.

[¶ 14]   Notice is ordinarily a question of fact. *See, e.g., Erway v. Deck,* 1999 ND 7, ¶ 11, 588 N.W.2d 862. Under N.D.R.Civ.P. 52(a), a trial court's findings of fact will not be overturned on appeal unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made. *Donlin v. Donlin,* 2007 ND 5, ¶ 10, 725 N.W.2d 905.

[¶ 15]   As appellant in this case, Dvorak was responsible for providing to this Court a transcript for a meaningful review on appeal. Because no transcript was provided, this Court's ability to conduct full and meaningful review of this issue is limited. Nevertheless, there is undisputed record evidence that Gene Buresh, the attorney representing the trustee, received notice between July 7, 2004 and July 14, 2004 of Dvorak's delinquency in making child support payments. In a July 15, 2004 letter to counsel for the Unit, Buresh stated, "Your letter of July 7, 2004 informs us that the child support unit is evidently making a claim against Larry Dvorak's interest in his mother's estate, if any."

[¶ 16]   Dvorak asserts that, even if Buresh had notice of the delinquent child support, the trustee, Russell Schank, did not have notice until October 20, 2004, after Dvorak had already made the assignment of his interest in the Trust to Dahl.

[¶ 17]   Section 3–03–05, N.D.C.C., provides:

As against a principal, both principal and agent are deemed to have notice of whatever either has notice and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other.

[¶ 18]   Under long-standing agency principles, it is recognized a client is bound by the actions and inactions of that client's attorney which occur within the scope of the attorney's authority. *See Carrier Creek Drainage Dist. v. Land One, L.L.C.,* 269 Mich.App. 324, 712 N.W.2d 168, 173 (2005). Furthermore, notice to an attorney, in respect to a matter in which the attorney is acting for a client, "is notice to the client." *Robinson v. State,* 687 N.W.2d 591, 594 (Iowa 2004); *see Larson v. Norkot Mfg., Inc.,* 2001 ND 103, ¶ 13 n. 3, 627 N.W.2d 386 (attorney's knowledge imputed to the attorney's client in determining statute of limitations issues).

[¶ 19]   On this record, we conclude the trial court's finding the trustee had notice of the delinquent child support prior to Dvorak's assignment to Dahl is not clearly erroneous. Consequently, under N.D.C.C. § 14–09–08.17, Dvorak's attempted assignment to Dahl was void.

[¶ 20]   Regarding Dvorak's assignment to Andrew Thompson, the district court stated, "even though it may be argued that this assignment was dated just shortly before the [Unit] gave written notice to the trustee of its intention to pursue a garnishment action, such assignment is still deemed voidable ... and ... the court finds such assignment by Dvorak to Thompson also constituted an unlawful disclaimer by Dvorak."  The court correctly applied N.D.C.C. § 14–09–08.17, deciding the assignment to Thompson was voidable because it was executed by Dvorak while he was delinquent in his child support obligation.  Under the statute, irrespective of whether the trust administrator has notice of a child support delinquency, an attempt by the obligor to assign or otherwise disclaim his interest in the Trust is voidable by the court if the assignment or disclaimer is executed when the obligor is delinquent in his child support obligation.  There is no dispute Dvorak was delinquent in his child support obligation when he made the assignment to Thompson on July 5, 2004.  Furthermore, there is no evidence the trust administrator or any other person would be unfairly disadvantaged by the court declaring the assignment void, even if the trust administrator did not have notice of the child support delinquency when the assignment was executed. We, therefore, conclude the trial court did not err in voiding Dvorak's assignment to Andrew Thompson.

### IV

[¶ 21]   The district court did not err in declaring Dvorak's attempted assignments of his interest in the Trust void under the provisions of N.D.C.C. § 14–09–08.17. The district court did not, therefore, err in directing the trustee to pay Dvorak's interest in the Trust to the Unit and Irene Howard in partial satisfaction of Dvorak's child support arrearages.  The order directing payment is affirmed.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.