2008 ND 191

STATE of North Dakota, by NORTH DAKOTA DEPARTMENT OF LABOR, FOR the BENEFIT OF FAIR HOUSING OF the DAKOTAS, Plaintiff and Appellee

v.

Roland RIEMERS, individually, Defendant and Appellant

and

Affordable Apartments, LLC, Defendant.

No. 20070363.

Supreme Court of North Dakota.

Oct. 24, 2008.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for plaintiff and appellee.

Roland C. Riemers, pro se, defendant and appellant.

KAPSNER, Justice.

[¶1] Roland Riemers appeals the district court's grant of default judgment against him. We affirm the judgment.

I.

[¶2] In 2006, the Grand Forks Herald listed a classified advertisement for an apartment which included the words "No HAP." The Fair Housing of the Dakotas filed a complaint with the North Dakota Department of Labor, alleging the advertisement violated N.D.C.C. § 14–02.5–03, because it discriminated against persons receiving public assistance. The North Dakota Department of Labor investigated the complaint, concluded the advertisement was made with respect to rental property located at 217 Chestnut Street, Grand Forks, North Dakota, determined a discriminatory housing practice had occurred, and issued a Charge of Discrimination according to N.D.C.C. § 14–02.5–25. The Fair Housing of the Dakotas elected a civil action under N.D.C.C. § 14–02.5–30 to

be pursued by the Attorney General under N.D.C.C. § 14–02.5–36.

[¶ 3] On March 7, 2007, the Office of the Attorney General of the State of North Dakota ("State") mailed, by certified mail, return receipt requested, restricted delivery, the summons and complaint to "Roland Riemers, 108 Cairns Avenue, Emerado, ND 58288–4114" and "Affordable Apartments, LLC, Roland Riemers, Registered Agent, 108 Cairns Avenue, Emerado, ND 58228–4114." The complaint alleged Riemers is the landlord and manager of apartments located at 217 Chestnut Street, Grand Forks, North Dakota, and Affordable Apartments, LLC, is operated and controlled by Riemers. The complaint also alleged Riemers and Affordable Apartments, LLC, committed discriminatory acts by publishing a statement indicating a preference not to rent to individuals who were eligible for public assistance. The summons and complaint mailed to Riemers and Affordable Apartments, LLC, were returned to the State stamped "REFUSED," and a handwritten note on the mailings stated "refused."

[¶ 4] On August 10, 2007, the State filed an affidavit of default to obtain default judgment against Riemers and Affordable Apartments, LLC, in accordance with N.D.R.Civ.P. 55. The affidavit alleged more than 20 days had elapsed since the service of process of the summons and complaint, and neither party had answered or otherwise appeared. Two affidavits accompanied the affidavit of default outlining the damages sought by the State. One was the affidavit of Amy S. Nelson, Executive Director of the Fair Housing of the Dakotas. The other was the affidavit of Kathy Kulesa, Human Rights Director of the North Dakota Department of Labor's Human Rights Division. On August 10, 2007, the district court mailed Riemers a notice of assignment of Judge Braaten to the case. Riemers asserts this was the first notification he received of the case.

[¶ 5] On August 24, 2007, the district court signed an order for judgment entered against Riemers and Affordable Apartments, LLC, individually, jointly and severally, for violating state fair housing advertising laws, as indicated in the State's complaint. The clerk of the district court did not file the order for judgment or sign and file the judgment until October 18, 2007. On September 4, 2007, subsequent to the district court signing the order for judgment, but prior to the clerk of district court filing the order, Riemers, individually, and as an agent for Affordable Apartments, LLC, filed Defendant's Response to Complaint and Defendant's Response Possible Default Motion [ ] with the district court. He also filed an affidavit. The record does not contain an affidavit of service on the State for any of the documents filed with the district court on September 4, 2007; however, at oral argument, the State acknowledged it received these documents.

[¶ 6] Riemers, individually, and as an agent for Affordable Apartments, LLC, filed Defendant's Request to Reopen Case on October 26, 2007. On December 14, 2007, he filed a notice of appeal, individually, and as an agent for Affordable Apartments, LLC, from the default judgment. On December 18, 2007, the clerk of the North Dakota Supreme Court mailed Riemers a letter explaining since Riemers is not licensed to practice law in North Dakota, according to this Court's case law, he is not permitted to prosecute the appeal on behalf of Affordable Apartments, LLC. Riemers petitioned this Court to remand the case back to the district court, for the purpose of allowing the district court to rule on his motion to reopen the case. This Court entered an order of remand on December 26, 2007, which temporarily re-

manded the case to the district court for the limited purpose of review and disposition of Defendant's Request to Reopen Case. On February 21, 2008, the district court filed a Memorandum Decision & Order Denying Request to Reopen Judgment. A notice of appeal from the order dated February 21, 2008 was not filed; therefore, the default judgment filed on October 18, 2007 is the only subject of this appeal.

## II.

[¶ 7] The notice of appeal states: "I, Roland C. Riemers and as agent for Affordable Apartments LLC, hereby give notice of appeal[.]" Thus, the current appeal purports to be on behalf of both Riemers, individually, and Affordable Apartments, LLC. Riemers asserts he is the owner, manager, and sole agent for Affordable Apartments, LLC. He is not licensed to practice law in North Dakota. He contends a limited liability company has the right to be represented in legal matters by its own agents. The State asserts because an appeal on behalf of Affordable Apartments, LLC, was not filed by a qualified legal representative, Affordable Apartments, LLC, is not a party to this appeal.

[¶ 8] This Court has held the issue of whether a corporation may be represented by a non-attorney agent in a legal proceeding is a question of law. *Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 10, 705 N.W.2d 836. Whether a limited liability company may be represented by a non-attorney agent in a legal proceeding is also a question of law. Questions of law are fully reviewable on appeal. *Id.*

[¶ 9] Section 27–11–01, N.D.C.C., provides:

Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned, nor may a person be qualified to serve on a court of record unless that person has:

1. Secured from the supreme court a certificate of admission to the bar of this state; and

2. Secured an annual license therefor from the state board of law examiners. Any person who violates this section is guilty of a class A misdemeanor.

This Court discussed N.D.C.C. § 27–11–01 in *Wetzel*, 2005 ND 190, ¶ 10, 705 N.W.2d 836, and addressed the issues of: "Whether a corporation can be represented by a non-attorney agent in a legal proceeding and what happens to the matter when a corporation is not represented by an attorney[.]" We noted a corporation is an artificial person and under our past decisions, coinciding with the common law rule, a non-attorney agent may not represent a corporation in legal proceedings. *Id.* at ¶ 11 (citing *United Accounts, Inc. v. Teladvantage, Inc.*, 524 N.W.2d 605, 606–07 (N.D.1994)). This Court added: "Just as one unlicensed natural person may not act as an attorney for another natural person in his or her cause, *an unlicensed natural person cannot attorn for an artificial person*, such as a corporation." *Id.* (emphasis added). Our holding in *Wetzel* clearly applies to all artificial persons, including limited liability companies. *See United States v. Hagerman*, No. 08–2670, 2008 WL 4366182, at *1 (7th Cir. Sept. 26, 2008) (holding a non-attorney member and president of a limited liability company may not represent the limited liability company in legal proceedings); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir.2007) ("a sole member of a limited liability company must bear the burdens that accompany the

benefits of the corporate form and may appear in federal court only through a licensed attorney").

[¶ 10] *Wetzel* addressed the issue of what happens to the underlying case and documents when a non-attorney agent attempts to represent an artificial person in a legal proceeding. *Id.* at ¶ 12. This Court held: "when a case is commenced on behalf of a corporation by a non-attorney agent, the case and all documents signed by the non-attorney agent are void from the beginning." *Id.* at ¶ 13. Thus, in the present case, all of the documents filed by Riemers on behalf of Affordable Apartments, LLC, are void. The default judgment, as entered against Affordable Apartments, LLC, is final.

### III.

[¶ 11] The default judgment filed on October 18, 2007 is the only matter before this Court. When a default judgment is appealed, rather than a district court's order regarding a N.D.R.Civ.P. 60(b) motion to vacate the default judgment, this Court reviews the default judgment to determine if "irregularities appear on the face of the judgment." *Reimers Seed Co. v. Stedman*, 465 N.W.2d 175, 176 (N.D.Ct.App.1991); *see Vogel v. Roberts*, 204 N.W.2d 393, 394 (N.D.1973) (citations omitted) ("On an appeal from a [default] judgment, where no specifications of error are attached to and served with the notice of appeal, this court may consider only errors which appear on the face of the judgment roll.").

[¶ 12] In *Reimers Seed Co.*, 465 N.W.2d at 176, Stedman did not appear, and the district court entered default judgment against him. Stedman asserted he had not been served with the summons and complaint, and he moved for relief from the default judgment according to N.D.R.Civ.P. 60(b). *Id.* Before the dis-

trict court heard Stedman's N.D.R.Civ.P. 60(b) motion, he appealed from the default judgment. *Id.* On appeal, Stedman asserted he did not receive proper service; therefore, the district court lacked proper jurisdiction. *Id.* The Court of Appeals held: "Neither that issue, nor any of the other issues raised, is properly before us, because they were not presented to and determined by the district court." *Id.* The Court of Appeals determined that, since Stedman appealed the default judgment prior to his motion for relief from default judgment was heard, "the trial court did not have an opportunity to hold a hearing on the objection to the sufficiency of process." *Id.* (quoting *Farm Credit Bank of St. Paul v. Stedman*, 449 N.W.2d 562, 565 (N.D.1989)). The Court of Appeals held the issue regarding service of process is one that should be determined "by the trial court in the first instance." *Id.* The Court of Appeals noted, at the time, Stedman's motion for relief from the judgment was pending before the district court; therefore, the district court could properly resolve that issue. *Id.* The Court of Appeals held: "The judgment itself is the only matter properly before us. No irregularities appear on the face of the judgment. The judgment is, therefore, affirmed." *Id.*

[¶ 13] In this case, a default judgment was entered against Riemers. He filed Defendant's Request to Reopen Case and subsequently filed a notice of appeal, appealing the default judgment. Riemers then petitioned this Court to remand the case back to the district court, allowing the district court to rule on Defendant's Request to Reopen Case. This Court granted his request and remanded to the district court to allow review and disposition of Defendant's Request to Reopen Case. The district court filed an order regarding Riemers' motion; Riemers did not file a

notice of appeal pertaining to that order. Thus, as in *Reimers Seed Co.*, 465 N.W.2d at 176, the default judgment is the only matter properly before this Court. Riemers did not assert, and this Court does not find, irregularities on the face of the judgment dated October 18, 2007.

[¶ 14] Although this result may appear to be a hyper-technical application of the statutes and rules governing appeals, our prior case law is clear on this point. This Court has consistently held an appeal from a judgment alone does not provide jurisdiction to review an order made after the judgment, which denies the vacation of the judgment, but there may be an appeal from that order itself. *Shockman v. Ruthruff*, 28 N.D. 597, 600, 149 N.W. 680, 680 (1914). In *Dvorak v. Dvorak*, 2007 ND 79, ¶¶ 9–10, 732 N.W.2d 698, this Court relied on N.D.R.App.P. 4(a)(3)(A) and (B), holding we would not review a trial court's order denying post-decision motions when the appellant failed to timely file an amended notice of appeal or a separate notice of appeal of the issues raised in those motions. In *Dvorak*, as here, we remanded for the trial court's consideration of those motions. *Id.* at ¶ 5. We observed other jurisdictions have held the filing of the notice of appeal from those motions is mandatory if the appellate court is to have jurisdiction, and we concluded the failure to file the notice of appeal precluded appellate review of the issues raised in those motions. *Id.* at ¶ 10.

[¶ 15] Rule 4(a)(3)(B)(ii), N.D.R.App.P., provides that a party intending to challenge an order disposing of any motion listed in N.D.R.App.P. 4(a)(3)(A), "must file a notice of appeal, or an amended notice of appeal" within the time prescribed. Rule 4(a)(3)(A)(vi), N.D.R.App.P., lists a motion "for relief under Rule 60 if the motion is served and filed no later than 15 days after notice of entry of judg-

ment[.]" In the present case, these conditions are met; therefore, the failure to file a notice of appeal precludes us from granting relief from the district court ruling in its Memorandum Decision & Order Denying Request to Reopen Judgment.

### IV.

[¶ 16] Although the district court's Memorandum Decision & Order Denying Request to Reopen Judgment is not before this Court because it was not appealed, we discuss N.D.R.Civ.P. 55 and N.D.R.Civ.P. 60(b), to demonstrate the importance of filing an appropriate notice of appeal from the decision on a motion to set aside a default judgment under N.D.R.App.P. 4. Rule 55, N.D.R.Civ.P., governs default judgments. The Explanatory Note to N.D.R.Civ.P. 55 provides: "The federal provision ... for setting aside default was not adopted. See Rule 60(b) regarding relief from a judgment or order." Typically, in cases appealed to this Court where default judgment is entered against a defendant, the defendant moves the district court for N.D.R.Civ.P. 60(b) relief. *See State v. $33,000.00 U.S. Currency*, 2008 ND 96, ¶¶ 2–3, 12, 748 N.W.2d 420; *North Dakota ex rel. Workers Comp. Bureau v. Kostka Food Serv., Inc.*, 516 N.W.2d 278, 279–80 (N.D.1994); *Fed. Land Bank of St. Paul v. Lillehaugen*, 370 N.W.2d 517, 518 (N.D.1985); *Svard v. Barfield*, 291 N.W.2d 434, 435 (N.D.1980). Then, if the N.D.R.Civ.P. 60(b) motion is denied, the defendant appeals the order denying the motion to vacate the default judgment. *See $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 1, 748 N.W.2d 420; *Kostka*, 516 N.W.2d at 279; *Lillehaugen*, 370 N.W.2d at 518; *Svard*, 291 N.W.2d at 434.

[¶ 17] In cases where this Court found the district court erred by denying the defendant's motion to vacate the default

judgment, because the entry of the default judgment violates N.D.R.Civ.P. 55, the judgment is not void, but voidable by the defaulting party. *See Lillehaugen,* 370 N.W.2d at 519 ("A judgment entered in noncompliance with Rule 55(a)(3) is voidable by the defaulting party."); *Svard,* 291 N.W.2d at 436 ("If a judgment on default is rendered contrary to the provisions of Rule 55(a)(3), NDRCivP, then that judgment is irregular and voidable by the party against whom the judgment was rendered."). Consequently, the judgment was reversed and remanded for entry of an order vacating the default judgment. *See Kostka,* 516 N.W.2d at 281 ("we reverse and remand for entry of an order vacating the default judgment"); *Lillehaugen,* 370 N.W.2d at 519 ("the default judgment is set aside and the decision is reversed and remanded to the district court for further proceedings on the merits"); *Svard,* 291 N.W.2d at 438 ("The default judgment is set aside, the decision of the district court is reversed, and the case is remanded for further proceedings, if any, consistent with this opinion.").

. [¶ 18]   In the case presently before this Court, Riemers moved for relief under N.D.R.Civ.P. 60(b), then appealed the default judgment.   Next, he petitioned this Court to remand the case back to the district court, and this Court granted his request.

[¶ 19]   On remand, the district court discussed the issue of whether Riemers appeared before the entry of default judgment.   The district court noted: "Riemers had not made an appearance in this matter until after the State's filing of its Default Judgment documents and this Court's signature on the Order For Judgment[.]" From this, the district court held, because Riemers had not appeared, entry of default without providing notice to Riemers was appropriate according to N.D.R.Civ.P.

55.   Despite the district court's ruling, the default judgment entered against Riemers violated N.D.R.Civ.P. 55.

[¶ 20]   The district court judge signed the order for judgment against Riemers on August 24, 2007.   The clerk of the district court did not file the order for judgment until October 18, 2007.   Rule 58(a), N.D.R.Civ.P., which governs entry of judgments, states: "The clerk shall sign and file the judgment and make an entry of it in the register of civil actions, *at which time the judgment becomes effective.*" (Emphasis added).

[¶ 21]   In the divorce case, *Jochim v. Jochim,* 2006 ND 186, ¶ 2, 721 N.W.2d 25, the district court entered an order for judgment on October 24, 2005.   Greg Jochim was killed in a traffic accident on November 1, 2005, and a judgment and decree of divorce was entered on November 8, 2005.   *Id.*   One of the issues before this Court was whether the divorce was granted before Greg Jochim's death.   *Id.* at ¶ 5.   This Court held: "Although an order for judgment is required before a valid judgment can be entered, alone it is not sufficient to make a divorce final and does not conclude the proceedings." *Id.* at ¶ 10 (citing N.D.R.Civ.P. 58).   This Court added: "An action is not complete, and is still pending, until a judgment is entered." *Id.* (citing N.D.R.Civ.P. 58(a)).   Rule 58, N.D.R.Civ.P., and this Court's precedent, confirm that an order for judgment is not effective until the clerk of court signs and files the judgment.   Thus, the judgment against Riemers became effective when the clerk of court signed and filed the judgment on October 18, 2007.

[¶ 22]   Rule 55(a), N.D.R.Civ.P., provides in part: "If a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise appear* . . . , the court may direct the clerk to enter an appropriate judgment by default in fa-

vor of the plaintiff and against the defendant[.]" (Emphasis added). From this, the question turns to whether Riemers appeared before October 18, 2007, the date the judgment became effective.

[¶ 23] This Court defines "appearance" as "any response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the claim." *State v. $33,000.00 U.S. Currency*, 2008 ND 96, ¶ 9, 748 N.W.2d 420 (quoting *Throndset v. Hawkenson*, 532 N.W.2d 394, 397 (N.D. 1995)). Additionally:

> The words "appear," "appearing," or "appearance" are words of art in the legal sense. *Black's Law Dictionary* 94 (7th ed. 1999) defines "appearance" as "[a] coming into court as a party or an interested person, or as a lawyer on behalf of a party or interested person." There are a number of cases in which this Court has written on whether or not a party has made an "appearance" for the purposes of requiring notice before default judgment may be entered. Generally we have broadly construed the term "appearance" for that purpose.

*Lawrence v. Delkamp*, 2008 ND 111, ¶ 21, 750 N.W.2d 452 (VandeWalle, C.J., concurring specially) (citation omitted) (alteration in original).

[¶ 24] On September 4, 2007, Riemers filed the following documents with the district court: Defendant's Response to Complaint; Defendant's Response to Possible Default Motion [ ]; and Affidavit of Defendant. The record does not contain an affidavit of service on the State for any of these documents; however, at oral argument, the State acknowledged it received Defendant's Response to Complaint. By filing the above-noted documents with the district court on September 4, 2007, Riemers appeared before entry of judgment.

[¶ 25] Rule 55(a)(3), N.D.R.Civ.P., states: "If the party against whom judgment by default is sought has appeared in the action, the party . . . must be served with a motion for judgment. Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a)." The State did not serve Riemers with a notice of motion for judgment. Riemers was entitled to notice under N.D.R.Civ.P. 55, despite the district court's ruling in its Memorandum Decision & Order Denying Request to Reopen Judgment. However, Riemers did not appeal from the Memorandum Decision & Order Denying Request to Reopen Judgment; therefore, the issue is not before us and this Court cannot reverse the district court order.

V.

[¶ 26] Riemers raises several other issues on appeal that were decided by the district court in its unappealed order of February 21, 2008. Consequently, they are not before us and we do not address them.

[¶ 27] Riemers raises two issues that were not addressed by the district court in its Memorandum Decision & Order Denying Request to Reopen Judgment. Riemers asserts the district court erred in awarding the State attorney fees. Riemers also argues the district court violated his right to free speech by punishing him for publishing a truthful rental advertisement. However, these issues were not raised before the district court. "It is axiomatic that an issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal from judgment." *John T. Jones Constr. Co. v. City of Grand Forks*, 2003 ND 109, ¶ 18, 665 N.W.2d 698 (quoting *Bard v. Bard*, 380 N.W.2d 342, 344 (N.D. 1986)). We will only consider issues that were presented to the trial court, and we will not consider issues raised for the first

time on appeal. *Messer v. Bender,* 1997 ND 103, ¶ 10, 564 N.W.2d 291.

## VI.

[¶ 28] The district court issued an order pertaining to Riemers' N.D.R.Civ.P. 60(b) motion, but Riemers did not appeal that order. Because Riemers did not appeal the Memorandum Decision & Order Denying Request to Reopen Judgment, the district court's ruling on Riemers' N.D.R.Civ.P. 60(b) motion is not before us. This Court cannot provide relief. Rather, this Court will only review the default judgment for irregularities appearing on its face, and we have found none. Therefore, the judgment is affirmed.

[¶ 29] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.