779 N.W.2d 649 (2010)
2010 ND 43
STATE of North Dakota, by NORTH DAKOTA DEPARTMENT OF LABOR, for the benefit of Fair Housing of the Dakotas, Plaintiff and Appellee
v.
Roland RIEMERS, Defendant and Appellant and
Affordable Apartments, LLC, Defendant.
No. 20090190.
Supreme Court of North Dakota.
March 16, 2010.
*650 Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for plaintiff and appellee.
Roland C. Riemers, self-represented, Grand Forks, N.D., defendant and appellant.
KAPSNER, Justice.
[¶ 1] Roland Riemers appealed from a district court order denying his motion to reopen the case under N.D.R.Civ.P. 60(b). We affirm.

I
[¶ 2] The State, through the North Dakota Department of Labor, sued Riemers and his limited liability company, Affordable Apartments, LLC, alleging Riemers had committed a discriminatory housing practice by publishing an advertisement in a local newspaper indicating a preference not to rent to individuals who were eligible for public assistance. The summons and complaint were mailed to Riemers but were returned, marked "refused." Riemers contends he never received the summons and complaint.
[¶ 3] When Riemers failed to answer the summons and complaint, the State sought a default judgment. On August 24, 2007, the district court signed an order directing entry of a default judgment against Riemers and Affordable Apartments for violating state fair housing advertising laws. On September 4, 2007, after the district court had signed the order for judgment but before the clerk of the district court filed the order or entered judgment, Riemers filed a response to the complaint and a response to the State's motion for default judgment. On October 18, 2007, the clerk of the district court filed the order for judgment and entered judgment.
[¶ 4] On October 26, 2007, Riemers filed a request to reopen the case. On December 14, 2007, before the district court had ruled on that request, Riemers filed a notice of appeal from the default judgment. This Court remanded to the district court to rule on Riemers' pending request to reopen the case, and the district court issued an order denying the request to reopen. Both the district court and this Court treated Riemers' request to reopen the case as a motion under N.D.R.Civ.P. 60(b).
[¶ 5] After the district court denied the motion, the Clerk of the Supreme Court sent a letter to Riemers expressly advising him that, if he intended to raise issues on appeal regarding the order denying his request to reopen the case, a separate notice of appeal would have to be filed. Riemers did not file a separate notice of appeal from the district court's order nor amend his original notice of appeal.
[¶ 6] We then held that the only matter properly before us was the default judgment and, because no irregularities appeared on the face of the judgment, we affirmed the judgment. State v. Riemers, 2008 ND 191, ¶¶ 11-15, 28, 757 N.W.2d 50. Although we noted that Riemers was entitled to notice of the motion for default judgment under N.D.R.Civ.P. 55, we concluded that the issue was not properly before us because Riemers had failed to appeal from the order denying his motion under N.D.R.Civ.P. 60(b) and we therefore had no jurisdiction to provide relief. Riemers, at ¶¶ 25, 28. We also held we *651 would not consider Riemers' challenge to an award of attorney fees or his argument that the judgment violated his right to free speech because those issues had not been raised in the district court. Id. at ¶ 27.
[¶ 7] Several months after this Court's opinion was issued, Riemers filed another N.D.R.Civ.P. 60(b) motion again seeking to reopen the case. The district court denied the motion, concluding the motion was barred by the doctrines of res judicata and law of the case. Riemers has appealed from the order denying his second N.D.R.Civ.P. 60(b) motion to reopen the case, alleging that the failure to comply with N.D.R.Civ.P. 55 entitles him to relief under N.D.R.Civ.P. 60(b) and that his right to free speech was violated.

II
[¶ 8] The issues which Riemers seeks to raise on this appeal were either resolved by the district court's order denying his first N.D.R.Civ.P. 60(b) motion or were not properly raised in the district court. Riemers failed to appeal from the order denying his first Rule 60(b) motion, and on the first appeal we affirmed the default judgment, noting that neither the N.D.R.Civ.P. 55 violation nor the commercial free speech issue were properly before us. In effect, Riemers is attempting to use a second Rule 60(b) motion, and second appeal to this Court, to raise issues which were finally resolved in the prior unappealed denial of his first Rule 60(b) motion and in the prior appeal.
[¶ 9] A motion for relief under N.D.R.Civ.P. 60(b) is not a substitute for appeal and should not be used to relieve a party from free, calculated, and deliberate choices he has made. Shull v. Walcker, 2009 ND 142, ¶ 14, 770 N.W.2d 274; Laib v. Laib, 2008 ND 129, ¶ 17, 751 N.W.2d 228. In Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203-04 (5th Cir.1993) (citations omitted), the court addressed the application of Fed.R.Civ.P. 60(b) under similar circumstances:
[W]e have frequently upheld district court decisions denying Rule 60(b) motions where it appeared that Rule 60(b) was being used as a substitute for a timely appeal. This is particularly appropriate in a case such as this one where a Rule 60(b) motion is itself an attack on the denial of a prior post-judgment motion that asserted virtually identical grounds for relief, and where, as here, it is filed after the time for giving notice of appeal from the order denying the earlier motion.... In effect, by filing a Rule 60(b) motion following the prior denial of an earlier virtually identical post-trial motion, Latham is using the second motion, which is under Rule 60(b), as an attempt to resurrect the then expired period in which to appeal the denial of the first motion. This procedural ploy cannot be allowed to succeed.
See also Murray v. District of Columbia, 52 F.3d 353, 356 (D.C.Cir.1995) ("Appellants' attempt to appeal the denial of their second motion is therefore nothing more than an untimely appeal of their first motion, and we will not indulge the ruse."); Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir.1975) ("The time for notice of appeal on plaintiff's initial Rule 60(b) motion having run, the filing of another such motion alleging substantially similar grounds for relief does not provide plaintiff with a second opportunity for appellate review."); Dosland v. Dosland, 5 Haw.App. 87, 678 P.2d 1093, 1095 (1984) (an unappealed order denying a motion to set aside a default judgment "became the final and binding law of the case prior to the filing of Christine's second motion ... and as such, it bars consideration of a subsequent motion under Rule 60(b), *652 HFCR, which is based on the same grounds"). The general rule is summarized in 12 James Wm. Moore, Moore's Federal Practice § 60.69 (3rd ed. 2009) (citation omitted):
Because Rule 60(b) rulings are final and appealable, a party who is aggrieved by an adverse ruling on a Rule 60(b) motion must appeal it or waive any complaints about the ruling. A party may not simply file a second Rule 60(b) motion on the same grounds in lieu of an appeal.
[¶ 10] When Riemers failed to appeal from the order denying his first motion, he waived any complaints about the issues covered therein. His filing of a second N.D.R.Civ.P. 60(b) motion raising the same grounds was an improper attempt to resurrect the expired time period to appeal the denial of the first motion. The district court therefore did not err in denying Riemers' second N.D.R.Civ.P. 60(b) motion.
[¶ 11] Riemers also contends his right to free speech has been violated. We refused to address this issue when Riemers attempted to raise it on the first appeal because he had not raised the issue in the district court. Riemers, 2008 ND 191, ¶ 27, 757 N.W.2d 50. A party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal. See Jundt v. Jurassic Res. Dev., N. Am., L.L.C., 2004 ND 65, ¶ 7, 677 N.W.2d 209; Tom Beuchler Constr., Inc. v. City of Williston, 413 N.W.2d 336, 339 (N.D.1987).

III
[¶ 12] We affirm the order denying the second motion to reopen the case under N.D.R.Civ.P. 60(b).
[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.