# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 140

In the Interest of A.W., A Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| A.W., Child; J.S., Father, | Respondents |
| and | |
| L.C., Mother, | Respondent and Appellant |

## No. 20250141

Appeal from the Juvenile Court of Morton County, South Central Judicial District, the Honorable Tessa M. Vaagen, Judicial Referee.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Joshua D. Breeze, Assistant State's Attorney, Mandan, ND, for petitioner and appellee; on brief.

Samuel A. Gereszek, Grand Forks, ND, for respondent and appellant; on brief.

**Interest of A.W.**
**No. 20250141**

**McEvers, Justice.**

[¶1]   L.C. appeals from a juvenile court order terminating her parental rights to A.W., the minor child. We affirm.

I

[¶2]   On August 1, 2024, the State of North Dakota petitioned for termination of L.C.'s and the father, J.S.'s, parental rights to A.W. The case was tried on March 18, 2025, and L.C. was present with counsel. At the end of trial, the juvenile court made oral findings on the record stating the parental rights of the respondent parents were terminated, an interim order would be entered to memorialize some of the key findings, and full findings would follow at a later date. On March 19, 2025, an interim order was issued terminating L.C.'s and J.S.'s parental rights. The order stated it was interlocutory pending service on the mother.

[¶3]   On April 17, 2025, L.C. appealed from the interim order arguing it was necessary to preserve her right to appeal and this Court's appellate jurisdiction because a final order had not been entered. She also argued that, because the case was heard by a judicial referee under N.D. Sup. Ct. Admin. R. 13, § 11, she was entitled to written notice of her right to review by a district court judge. On April 22, 2025, this Court temporarily remanded the case to the juvenile court for no longer than ten days for the limited purpose of entering a final order. An order was entered on April 28, 2025, and L.C. was provided notice of her right to request review of the findings and order by a district court judge. On April 29, 2025, this Court sent a notice to L.C. permitting her to file a supplemental appellant's brief by May 20, 2025. On May 5, 2025, L.C. personally filed a request for a district court judge to review the judicial referee's order. L.C. did not serve written notice of her request on all parties. No action was taken by a district court judge. On May 20, 2025, a supplemental statement of an indigent defendant was received by this Court and rejected as an improper filing. L.C. was then allowed until May 27, 2025, to file a supplemental appellate brief. No supplemental appellant's brief was filed.

1

[¶4] The right to appeal is statutory, and this Court lacks jurisdiction if no statutory basis exists. *In re A.P.*, 2023 ND 39, ¶ 6, 987 N.W.2d 345. We may consider sua sponte whether a party has the right to appeal. *Id.* The right to appeal in juvenile matters is governed by N.D.C.C. § 27-20.2-26(1), which states:

> An aggrieved party, including the state or a subdivision of the state, may appeal from a final order, judgment, or decree of the juvenile court to the supreme court by filing written notice of appeal within thirty days after entry of the order, judgment, or decree, or within any further time the supreme court grants, after entry of the order, judgment, or decree.

Under N.D.R.App.P. 2.2, an appeal from an order terminating parental rights is an expedited appeal, and the notice of appeal must be filed within 30 days after entry of the order. L.C. did not appeal from a final order, judgment, or decree. Nor did she file a subsequent notice of appeal after the final order was entered. This is not necessarily fatal to her appeal. *See Dvorak v. Dvorak*, 2007 ND 79, ¶ 7, 732 N.W.2d 698 (concluding interlocutory orders are appealable if the Court deems it to be an appeal from a subsequently entered consistent final order or judgment). L.C. filed a notice of appeal from the March 19, 2025 interlocutory order terminating her parental rights, and the juvenile court's order of April 28, 2025, was consistent with the prior order from which L.C. appealed in that her parental rights were terminated. However, the subsequent order also included a notice that L.C. had a right to review by a district court judge. In other contexts, we have considered the interests of justice when considering an attempted appeal when a party appeals from a non-final order if a subsequently entered consistent judgment is entered. *See Jury v. Barnes Cnty. Mun. Airport Auth.*, 2016 ND 106, ¶ 7, 881 N.W.2d 10 (discussing circumstances where we considered initially improper appeals as being proper when the correct document is entered). The question is whether we should consider this appeal, taken from an interlocutory order, as an appeal followed by a subsequently consistent final order in the interests of justice.

[¶5]   After the judicial referee provided L.C. with notice of her right to request review of the findings and order by a district court judge, L.C. requested review of the referee's findings and order. Rule 13, § 11, N.D. Sup. Ct. Admin. R., provides in relevant part: "[A] review of the findings and order of a judicial referee may be ordered at any time by a district court judge and must be ordered if a party files a written request for a review within seven days after service of the notice [of the right of review]." The party requesting review must give notice to all other parties. N.D. Sup. Ct. Admin. R. 13, § 11. L.C. failed to give notice to all other parties, as is required by rule. In addition, L.C.'s request did not comply with N.D.R.Ct. 3.1(b), which requires that all documents of a party represented by counsel be signed by an attorney of record. L.C. has not argued that we lack jurisdiction or that the case should again be remanded to allow for a district court judge's review of the judicial referee's findings and order. L.C.'s attempt to request review by a district court judge was inadequate, and the referee's order terminating parental rights became final.

[¶6]   We also consider whether our remand to the juvenile court relinquished this Court of jurisdiction. When we remanded the case to the juvenile court, the remand was "for no longer than 10 days for the limited purpose of entering a final order." In doing so, we retained jurisdiction. *See* N.D.R.App.P. 35(a)(3)(B) (stating we "may remand and retain jurisdiction in the interests of justice"). The temporary remand did not relinquish this Court of jurisdiction after entry of the final order. We conclude we have appellate jurisdiction.

III

[¶7]   We next consider the merits of L.C.'s appellate arguments. In instances where this Court remands and retains jurisdiction, a party may request in writing supplemental briefing or oral argument providing details of the additional submission the party believes would be helpful. N.D.R.App.P. 35(a)(3)(B)(ii). Neither was received from L.C. We granted L.C. an extension to file an additional brief after L.C. mistakenly filed an unauthorized supplemental statement. Under N.D.R.App.P. 2.2(e)(2), which applies to expedited appeals from an order terminating parental rights, "[e]xtensions of time for filing briefs may not be granted except in the most unusual circumstances and only for the

3

most compelling reasons in the interest of justice." The extension was granted considering the unusual procedural posture of this case implicating L.C.'s right to appeal.

[¶8]   L.C.'s only arguments in her initial brief were requests that this Court remand to the juvenile court for a final order and for the opportunity to request review by a district court judge. L.C. maintained in her brief she was not arguing the facts of the underlying case. L.C.'s requested relief was made available to her on remand. She has not presented any further issues for our review or argued how the juvenile court erred in terminating her parental rights.

IV

[¶9]   We affirm the juvenile court order terminating L.C.'s and J.S.'s parental rights.

[¶10] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr