# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 28

In the Interest of J.C., Minor Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| J.C., child; A.Y. a/k/a A.Y.B., father, deceased, and | Respondents |
| P.D., mother, | Respondent and Appellant |

### No. 20250378

In the Interest of S.C.Y., Minor Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| S.C.Y. a/k/a S.C.Y.B., child;  A.Y. a/k/a A.Y.B., father, deceased, | Respondents |
| and | |
| P.D., mother, | Respondent and Appellant |

### Nos. 20250379

Appeals from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Kelly A. Dillon, Judicial Referee.

AFFIRMED.

Per Curiam.

Rozanna C. Larson, State's Attorney, Minot, ND, for petitioner and appellee.

Meredith K. Childress, Rugby, ND, for respondent and appellant.

**Interest of J.C. and S.C.Y.**
**Nos. 20250378 and 20250379**

**Per Curiam.**

[¶1]   P.D., the mother, appeals from a juvenile court order terminating her parental rights. She argues the juvenile court erred in finding the children were in need of protection, the causes of the need for protection are likely to continue and will not be remedied, and the children have suffered harm as a result. She also argues the court erred in terminating her parental rights without finding active efforts have been made to provide remedial services and rehabilitative services designed to prevent the breakup of the Indian family and these efforts have proved unsuccessful. We affirmed the juvenile court findings the children were in need of protection, the causes of the need for protection are likely to continue and will not be remedied, and the children have suffered harm as a result. *Interest of J.C.*, 2025 ND 217, ¶ 13.

[¶2]   We retained jurisdiction and remanded for specified findings on active efforts under N.D.C.C. § 27-19.1-01(2). *Interest of J.C.*, 2025 ND 217, ¶ 19. The juvenile court entered its findings on active efforts. P.D. has not presented any further issues for our review or argued how the juvenile court erred in terminating her parental rights. *See* N.D.R.App.P. 35(a)(3)(B)(ii) ("a party may request in writing supplemental briefing or oral argument providing details of the specific additional submissions or proceedings the party believes would be useful to the court"); *see also Interest of A.W.*, 2025 ND 140, ¶ 8, 23 N.W.3d 925 (after remand the mother did not present any further issues for review or argument on court's termination of her parental rights).

[¶3]   After reviewing the record, we conclude the juvenile court did not clearly err in finding active efforts have been made to provide remedial services and rehabilitative services designed to prevent the breakup of the Indian family and these efforts have proved unsuccessful. The court did not abuse its discretion by terminating P.D.'s parental rights. We summarily affirm the juvenile court order terminating P.D.'s parental rights under N.D.R.App.P. 35.1(a)(2) and (4).

1

[¶4]   Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr