Anton VOGEL and Ruth Vogel, Plaintiffs
and Respondents,

v.

Kenneth R. ROBERTS and Colleen Roberts,
Defendants and Appellants.

Civil No. 8828.

Supreme Court of North Dakota.

Feb. 16, 1973.

William R. Mills, Bismarck, for plaintiffs and respondents.

Christensen, Christensen & Bear, Bismarck, for defendants and appellants.

Irvin B. Nodland, Bismarck, for appellants on oral argument.

STRUTZ, Chief Justice.

This case was before us previously on a motion to dismiss the appeal for failure of the appellants to comply with the law and the rules of this court governing appeals. Vogel v. Roberts, 202 N.W.2d 387 (N.D.

1972). There, the purported appeal was from an order denying a motion to vacate a default judgment and from the default judgment itself. We held that where the appeal from the order was ineffectual because it was not timely taken but the appeal from the judgment was timely, this court was without jurisdiction to consider the order denying the motion to vacate but that it would consider the appeal from the judgment.

The matter now is before us on appeal from the default judgment. No specifications of error were served and filed with the notice of appeal. The appellants were represented on oral argument in this court by counsel other than the counsel who represented them in the district court and who took the attempted appeal from the order and from the judgment. In oral argument, present counsel freely admitted that the record on appeal is woefully defective. He urged, however, that this court, because of the serious illness of the defendants' counsel, which illness since oral argument has resulted in his death, should, in the interest of justice and equity, remand the case to the district court and permit specifications of error to be served.

■ This court has held that failure to serve specifications of error with the notice of appeal is not jurisdictional and that if an application for remand and leave to file specifications of error is made before the case is submitted on appeal, such application may be approved. State ex rel. Harding v. Lane, 60 N.D. 703, 236 N.W. 353 (1931). Therefore, if the remand of this case at this time would result in the bringing of all questions at issue before us, we no doubt would grant it. However, in this case there was no trial in the district court. The only evidence that was introduced prior to the entry of judgment was in support of the plaintiffs' claim. None of the defendants' evidence was before the trial court. The appeal from the order denying the defendants' motion to vacate the default judgment was not timely, and this court, on the attempted appeal from such order denying motion, has no jurisdiction to consider the trial court's action in denying the motion to vacate. Thus we have before us only the appeal from the judgment.

■ On an appeal from a judgment, where no specifications of error are attached to and served with the notice of appeal, this court may consider only errors which appear on the face of the judgment roll. Schulenberg v. Long, 57 N.D. 262, 221 N.W. 69 (1928); Pople v. Popow, 133 N.W.2d 433 (N.D.1965).

■ An examination of the appellants' brief in this case discloses no contention on their behalf that there are any errors of law appearing on the face of the judgment roll. The only issue argued in the appellants' brief is that the trial court erred in denying the defendants' motion to set aside the default judgment. Inasmuch as the appeal from the order denying the motion to vacate the default judgment was not timely, that issue has become final and is not before us. Since the only argument made by the defendants is upon the order denying the motion to vacate the default judgment, and that order now being final, the defendants on appeal have presented nothing for this court to review.

The judgment appealed from therefore must be affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.