REIMERS SEED COMPANY,
Plaintiff and Appellee,

v.

Gary N. STEDMAN, individually, and as co-trustee of River Hills Trust, Defendant and Appellant,

and

June D. Stedman, individually, and as co-trustee of River Hills Trust, Gregory A. Stedman, individually, and as co-trustee of River Hills Trust, Bradley L. Stedman, individually, and as co-trustee of River Hills Trust, Mitchell L. Stedman, individually, and as co-trustee of River Hills Trust, and River Hills Trust, and Robert Ludwig, d/b/a Ludwig Plumbing & Excavating, Defendants.

Civ. No. 900333CA.

Court of Appeals of North Dakota.

Jan. 30, 1991.

Heinley & Aljets, Thomas J. Aljets (argued), Carrington, for plaintiff and appellee.

Gary N. Stedman (argued), West Fargo, pro se.

HEEN, Surrogate Judge.

Gary N. Stedman has appealed from a default judgment entered in an action brought by Reimers Seed Company (Reimers) to foreclose a judgment lien. We affirm.

Reimers sued Stedman, among others, to foreclose a judgment lien. Stedman did not appear and a default judgment was entered against him. Stedman moved for relief from the judgment in accordance with Rule 60(b), N.D.R.Civ.P., alleging that he had not been served with the summons and complaint at his dwelling house as certified in the Sheriff's Return. Stedman appealed from the default judgment before his motion was heard.

Stedman's primary issue on appeal is that the district court lacked jurisdiction over him because he was not served with the summons and complaint. Neither that issue, nor any of the other issues raised, is properly before us, because they were not presented to and determined by the district court. Here, as in *Farm Credit Bank v. Stedman*, 449 N.W.2d 562, 565 (N.D.1989), because Stedman appealed the default judgment before his motion was heard, "the trial court did not have an opportunity to hold a hearing on the objection to the sufficiency of process."

The issue about the validity of the service of process, which Reimers conceded at oral argument should be heard, is one that must be decided by the trial court in the first instance. That issue may properly be resolved by the district court in determining Stedman's motion for relief from the judgment, which is now pending in the district court, awaiting a ruling after disposition of this appeal.

The judgment itself is the only matter properly before us. No irregularities appear on the face of the judgment. The judgment is, therefore, affirmed.

Affirmed.

JOEL D. MEDD and MAURICE R. HUNKE, District Judges, concur.