David E. Reich, Pearce & Durick, Bismarck, for plaintiff and appellee, submitted on brief.

Michael Bentley, pro se, Bismarck, defendant and appellant, submitted on brief.

Theresa BENTLEY, Plaintiff
and Appellee,

v.

Michael BENTLEY, Defendant
and Appellant.

Civ. No. 940375.

Supreme Court of North Dakota.

June 27, 1995.

NEUMANN, Justice.

Michael Bentley appeals from the entry of a default divorce judgment. The appeal is dismissed and we remand for further proceedings.

Theresa Bentley started an action for divorce from Michael Bentley while his whereabouts were unknown. She attempted to serve the summons by publication. Apparently, Michael was out of the state when publication occurred. Sometime after publication, Michael returned to the state, and ended up in the Burleigh County detention facility. This became known to Theresa before she moved for default. A motion for default judgment, and nine days later a no-

tice of entry of judgment, were served on Michael in jail. Michael's appeal, though somewhat vague, clearly raises the issue of insufficiency of service of process.

▆▆ The record fails to show any motion to vacate the default was directed to the trial court. Generally, issues not raised before the trial court cannot be raised for the first time on appeal. *Klose v. Klose,* 524 N.W.2d 94, 96 (N.D.1994); *but see Bickel v. Jackson,* 530 N.W.2d 318, 321 (N.D.1995). Michael is required to present his issue to the trial court before it can become a basis for appeal. This allows for the expansion of the record below, enabling us to review the issue with a more complete understanding of the case should the need arise.

The North Dakota Rules of Civil Procedure provide for vacating a judgment:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment or order in any action or proceeding.... This rule does not limit the power of a court ... to grant relief to a defendant not actually personally notified as provided in Rule 4(e)(7), or to set aside a judgment for fraud upon the court. Writs ... are abolished, and the procedure for obtaining any relief from a judgment must be by motion as prescribed in these rules or by an independent action.

NDRCivP 60(b).

▆▆ The main procedural rule permitting a party served by publication and mailing to reopen and defend, NDRCivP 4(e)(7), specifically excludes a divorce decree from the relief allowed when the defendant had no actual notice or knowledge of the pendency of the action:

> *Except in an action for divorce,* the defendant upon whom service by publication is made, or the defendant's representative, upon making it appear to the satisfaction of the court by affidavit, stating the facts, that the defendant has a good and meritorious defense to the action, and that the defendant had no actual notice or knowledge of the pendency of the action so as to enable the defendant to make application to defend before the entry of judgment

therein, and upon filing an affidavit of merits, may be allowed to defend at any time within three years after entry of judgment on such terms as may be just.

NDRCivP 4(e)(7) (emphasis added). The policy reasons behind this exclusion are evident. A default divorce decree should not be easily reconsidered when the divorcing spouse may rely upon it to remarry. An appellate court should not be asked to vacate a divorce decree until the trial court has had an opportunity to fully consider the matter.

Dismissed.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.