2010 ND 212

**Amanda FLEMMING, Plaintiff and Appellee**

v.

**Kendel FLEMMING, Defendant and Appellant.**

**No. 20100041.**

Supreme Court of North Dakota.

Nov. 9, 2010.

Richard R. LeMay (appeared) and Jordan T. Moe (argued), appearing under the Rule on the Limited Practice of Law by Law Students, Minot, ND, for plaintiff and appellee.

Kendel Flemming (argued), self-represented, Bismarck, ND, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Kendel Flemming appeals a default divorce judgment awarding Amanda Flemming sole ownership of the disclosed marital property and sole discretion to determine Kendel Flemming's parenting time with the parties' two children. Kendel Flemming also argues the district court erred by not including a parenting plan in the judgment and by not addressing the parties' parental rights and respon-

sibilities. We dismiss the appeal from the default divorce judgment because Kendel Flemming failed to bring a motion in the district court under N.D.R.Civ.P. 60(b).

I

[¶ 2] Kendel Flemming and Amanda Flemming were married in June 2001 and have two minor children, A.D.F. and B.A.F. The parties have been separated since July 24, 2008, around the time Kendel Flemming was incarcerated. Amanda Flemming filed for divorce on August 28, 2009. Kendel Flemming received the summons and complaint for divorce on October 26, 2009 but did not respond. Kendel Flemming does not dispute that he received the summons and complaint. A notice of the divorce hearing was mailed to Kendel Flemming on December 22, 2009. Kendel Flemming acknowledged receiving the notice of the hearing on December 23, 2009 in a letter his mother brought to the district court hearing. Kendel Flemming did not otherwise respond to the notice of the hearing, and Amanda Flemming moved for a default divorce judgment on December 30, 2009. The hearing was held the next day, and it appears from the record the district court treated the hearing as a default divorce proceeding. The district court heard testimony from Amanda Flemming and Kendel Flemming's mother and entered a default divorce judgment. Kendel Flemming did not bring a motion for relief from the default divorce judgment in the district court but brought this appeal.

[¶ 3] "An issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal." *S.H.B. v. T.A.H.*, 2010 ND 149, ¶ 12, 786 N.W.2d 706. Issues must be presented in the district court before the issues can become the basis for an appeal. *Bentley v. Bentley*, 533 N.W.2d 682, 683 (N.D.1995). The district court creates and develops the record so this Court can review issues, if necessary, with a more complete understanding of the issues. *Id.* Where a default judgment is entered against a defendant, the defendant should not appeal but may move the district court for relief from the default judgment under N.D.R.Civ.P. 60(b). *State ex rel. Dep't of Labor v. Riemers*, 2008 ND 191, ¶ 16, 757 N.W.2d 50. "Rule 60(b) N.D.R.Civ.P. is the exclusive means for opening a default judgment." *Shull v. Walcker*, 2009 ND 142, ¶ 12, 770 N.W.2d 274 (citing *Filler v. Bragg*, 1997 ND 24, ¶ 8, 559 N.W.2d 225). The district court may grant the motion for relief from a default judgment in order to decide a case on the merits. *Overboe v. Brodshaug*, 2008 ND 112, ¶¶ 8–9, 751 N.W.2d 177 (citing *Beaudoin v. South Texas Blood & Tissue Ctr.*, 2005 ND 120, ¶ 33, 699 N.W.2d 421; *First Nat'l Bank v. Bjorgen*, 389 N.W.2d 789, 796 n. 9 (N.D.1986)). If the district court denies the N.D.R.Civ.P. 60(b) motion, the defendant then can appeal the order denying the motion to vacate the default judgment. *Riemers*, at ¶ 16.

[¶ 4] Kendel Flemming argues the district court erred by granting Amanda Flemming sole discretion to determine his parenting time with the parties' children. Kendel Flemming also argues the district court erred by not including a parenting plan in the judgment or addressing the parties' rights and responsibilities. A court establishing or modifying a divorce judgment providing for parenting time with a child must include a parenting plan under N.D.C.C. § 14–09–30. The court must issue a parenting plan considering the best interests of the child if the parents do not agree on a parenting plan. N.D.C.C. § 14–09–30(1). Under N.D.C.C. § 14–09–32, a court must include parental rights and responsibilities in an order es-

tablishing or modifying parental rights and responsibilities, or the court must state why certain rights and responsibilities were restricted or excluded. In this case, the district court failed to create a parenting plan or provide for Amanda Flemming and Kendel Flemming's parental rights and responsibilities. However, the district court has continuing jurisdiction to modify parenting time and give direction for parental rights and responsibilities. N.D.C.C. § 14–05–22. Kendel Flemming's relief is not available on appeal because he failed to make an appearance before the district court. He must seek relief through motions in the district court.

II

[¶ 5]   We dismiss the appeal.

[¶ 6]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.