Filed 5/3/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 89

Raymond J. German, Ltd., Plaintiff and Appellee

v.

Rodney Brossart, Defendant and Appellant

No. 20110338

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Lee A. Christofferson, Judge.

MODIFIED AND AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Scott D. Jensen, 401 DeMers Avenue, Suite 500, P.O. Box 5849, Grand Forks, N.D. 58206-5849, for plaintiff and appellee; submitted on brief.

Rodney Brossart, self-represented, 3737 109th Avenue N.E., Lakota, N.D. 58344, defendant and appellant; submitted on brief.

Raymond J. German, Ltd. v. Brossart

No. 20110338

Sandstrom, Justice.

[¶1] Rodney Brossart appeals from a default judgment against him in a collection action brought by Raymond J. German, Ltd., for legal services allegedly rendered to Brossart.  We modify the default judgment and affirm, concluding the district court did not err in entering a default judgment in favor of German, because Brossart “appeared” under N.D.R.Civ.P. 55(a) and German provided Brossart notice of the motion for a default judgment under N.D.R.Civ.P. 55(a)(3).  We also conclude the court did not err in requiring the production of a written, attorney-client agreement between German and Brossart before entering a default judgment.

 

I

[¶2] On July 29, 2011, German’s summons and complaint were served upon Brossart for legal fees and expenses as the result of alleged unpaid legal services provided by German to Brossart between December 31, 2008, and March 4, 2011.  
See
 N.D.R.Civ.P. 3 (“A civil action is commenced by the service of a summons.”).  On August 16, 2011, Brossart returned the summons and complaint to German with a note on the bottom of each page reading, “This is my property I do not agree to this sale.”  Brossart signed and dated each page underneath the note.  The record does not reflect that Brossart otherwise communicated with German before German moved for a default judgment on August 24, 2011.

[¶3] In support of the motion for a default judgment, German filed affidavits of proof, default, identification and no military service, and costs and disbursements.  German also filed a proposed order for judgment and entry of judgment as well as Brossart’s communications to him, dated August 16, 2011.  German served each of the documents upon Brossart on August 24, 2011.

[¶4] On September 23, 2011, Brossart moved for summary judgment by submitting a proposed order for the district court to sign and date, granting summary judgment in his favor, but Brossart provided no motion or brief in support of the motion, and he did not serve the motion upon German.  The court denied Brossart’s motion for summary judgment and granted German’s motion for a default judgment in the amount of $43,487.60, plus $110 in costs and disbursements.  In its order for judgment and entry of judgment, the court concluded Brossart “failed to answer, move against or otherwise appear within twenty days of service of process . . . [and he] is hereby judged to be in default.”  Brossart appealed the court’s decision without first moving the court to vacate the default judgment under N.D.R.Civ.P. 60(b).

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Brossart timely appealed from the default judgment under N.D.R.App.P. 4(a).  We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

 

II

[¶6] Brossart argues the district court erred in granting German a default judgment, and German failed to prove the existence of an attorney-client agreement between itself and Brossart, precluding a default judgment.

 

A

[¶7] Brossart immediately appealed to this Court after the district court denied his motion for summary judgment and granted German’s motion for a default judgment.  Brossart did not first move to vacate the default judgment under N.D.R.Civ.P. 60(b), which provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 

(6) any other reason that justifies relief.

[¶8] “Where a default judgment is entered against a defendant, the defendant should not appeal but may move the district court for relief from the default judgment under N.D.R.Civ.P. 60(b).”  
Flemming v. Flemming
, 2010 ND 212, ¶ 3, 790 N.W.2d 762.  “‘Rule 60(b)[,] N.D.R.Civ.P.[,] is the exclusive means for opening a default judgment.’”  
Id.
 (quoting 
Shull v. Walcker
, 2009 ND 142, ¶ 12, 770 N.W.2d 274).  “The district court may grant the motion for relief from a default judgment in order to decide a case on the merits.”  
Id.
  “If the district court denies the N.D.R.Civ.P. 60(b) motion, the defendant then can appeal the order denying the motion to vacate the default judgment.”  
Id.
  “[R]ules cannot be applied differently merely because a party not learned in the law is acting pro se.”  
McWethy v. McWethy
, 366 N.W.2d 796, 798 (N.D. 1985).

[¶9] “When a default judgment is appealed, rather than a district court’s order regarding a N.D.R.Civ.P. 60(b) motion to vacate the default judgment, [we] review[] the default judgment to determine if ‘irregularities appear on the face of the judgment.’”  
State ex rel. Dep’t of Labor v. Riemers
, 2008 ND 191, ¶ 11, 757 N.W.2d 50 (quoting 
Reimers Seed Co. v. Stedman
, 465 N.W.2d 175, 176 (N.D. Ct. App. 1991)).

[¶10] District courts have broad discretion in the quality of proof necessary for entering a default judgment.  
Overboe v. Odegaard
, 496 N.W.2d 574, 578 (N.D. 1993).  Under 
Riemers
, 2008 ND 191, ¶ 11, 757 N.W.2d 50 (quoting 
Stedman
, 465 N.W.2d at 176), we review the court’s entry of a default judgment “to determine if ‘irregularities appear on the face of the judgment’” because Brossart directly appealed the court’s entry of a default judgment to this Court.  A review of the face of the court’s judgment in this case establishes the court stated, “[T]he Defendant . . . has failed to answer, move against or otherwise appear within twenty days of service of process.”  There are two irregularities on the face of the judgment.

[¶11] First, the district court erroneously listed “twenty days” as the time for a defendant to respond to a complaint.  Rule 12(a)(1)(A), N.D.R.Civ.P., however, affords a defendant twenty-one days to respond to a summons and complaint.  The explanatory note to N.D.R.Civ.P. 12 states, “Paragraph (a)(1) was amended, effective March 1, 2011, to increase the time to serve a responsive pleading from 20 to 21 days.”  This discrepancy is meaningless, however, because German timely received Brossart’s August 16, 2011, response to its complaint on August 18, 2011, as evidenced by a stamped receipt date on the returned complaint, twenty days after it served Brossart with its complaint.

[¶12] Second, the court concluded Brossart “failed to answer, move against or otherwise appear” in the action.

[¶13] Brossart argues his communication to German on August 16, 2011, precluded a default judgment because he timely responded to German’s complaint by writing a note, his signature, and the date on the bottom of each page of the complaint and sending it back to German.  Although Brossart did not answer German’s complaint in a manner under N.D.R.Civ.P. 7 and 8, Brossart nonetheless “appeared” under N.D.R.Civ.P. 55(a), which provides, in part:

If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the failure is shown by affidavit or otherwise, the court may direct the clerk to enter an appropriate default judgment in favor of the plaintiff and against the defendant as follows:

(1) If the plaintiff’s claim against a defendant is for a sum certain or a sum that can be made certain by computation, the court, on affidavit of the amount due and on production of the written instrument, if any, on which the claim is based, may direct the entry of judgment.

. . . . 

(3) . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a motion for judgment.  Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a).

An appearance is “any response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the claim.”  
Throndset v. Hawkenson
, 532 N.W.2d 394, 397 (N.D. 1995).  This Court has broadly construed the term “appear.”  
See
 
Fed. Land Bank of St. Paul v. Lillehaugen
, 370 N.W.2d 517, 519 (N.D. 1985) (defendant appeared when he called the plaintiff to discuss the lawsuit and visited the plaintiff in person to receive the summons and complaint); 
Svard v. Barfield
, 291 N.W.2d 434, 437 (N.D. 1980) (defendant appeared when he attended a meeting with the plaintiffs to negotiate the dispute involved in the lawsuit); 
Perdue v. Sherman
, 246 N.W.2d 491, 493 (N.D. 1976) (defendant appeared when he had a conversation with the plaintiff’s attorney regarding the lawsuit).  Whether an appearance has been made under N.D.R.Civ.P. 55(a) is a question of law.  
State v. $33,000.00 U.S. Currency
, 2008 ND 96, ¶ 8, 748 N.W.2d 420.  “Questions of law are fully reviewable on appeal.”  
Id.

[¶14] Here Brossart responded to German’s complaint by writing a note on the bottom of each page of the complaint and signing and dating them before sending the document back to German.  As in 
Lillehaugen
, 
Svard
, and 
Perdue
, Brossart’s communication to German constituted an “appearance” because his response put German on notice of his “intent to contest the claim.”  
See
 
Throndset
, 532 N.W.2d at 397.  “[A] formal, written document is not required to constitute an appearance under Rule 55[, N.D.R.Civ.P.]”  
Lillehaugen
, 370 N.W.2d at 519.

[¶15] Rule 55, N.D.R.Civ.P., “is basically designed to insure fairness to a party or its representative and a default judgment normally must be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.”  
Svard
, 291 N.W.2d at 436.  Although Brossart did not comply with the Civil Rules to answer German’s complaint, he cannot be considered an “unresponsive party.”  
See
 
id.
  He responded to the complaint by writing a note on the bottom of each page of the complaint and signing and dating each notation before sending the document back to German.  Additionally, Brossart moved for summary judgment on September 23, 2011, despite not serving the motion upon German.  
See
 
Perdue
, 246 N.W.2d at 494-95 (a conversation between the defendant and the plaintiff’s attorney constituted an appearance).  Brossart’s actions do not evidence an “unresponsive party,” and we conclude he “appeared” in the proceeding.

[¶16] Under N.D.R.Civ.P. 55(a)(3), “If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a motion for judgment.  Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a).”

[¶17] In its brief, German acknowledges that under N.D.R.Civ.P. 55(a)(3), a party against whom a default judgment is sought that “has appeared personally” is entitled to “be served with a motion for [a default] judgment.”  German contends it served Brossart with its motion for a default judgment under N.D.R.Civ.P. 55(a)(3), thereby providing him notice.

[¶18] The record reflects German served Brossart with its motion for a default judgment on August 24, 2011.  Brossart did not answer or otherwise respond to German’s motion for a default judgment within fourteen days under N.D.R.Ct. 3.2(a)(2), which provides, in part, “[T]he opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers.”  Because Brossart did not respond to German’s motion for a default judgment after receiving requisite notice, the district court did not err in entering a default judgment under N.D.R.Civ.P. 55(a).  
See
 
Commercial Bank of Mott v. Stewart
, 429 N.W.2d 402, 403-04 (N.D. 1988).

[¶19] Although irregularities appear on the face of the district court judgment, we conclude they are meaningless and do not render the judgment void, because German complied with N.D.R.Civ.P. 55(a) and the court’s judgment was also in compliance with the Rule.  
See
 
Perdue
, 246 N.W.2d at 493 (“A judgment entered without compliance with Rule 55(a)[, N.D.R.Civ.P.,] is not void, but is irregular.”).  Because we conclude Brossart “appeared” under N.D.R.Civ.P. 55(a), German was required to provide Brossart with notice of its motion for a default judgment under N.D.R.Civ.P. 55(a)(3), which it did.  
See
 
Lillehaugen
, 370 N.W.2d at 519.  Even though the court concluded Brossart did not “otherwise appear,” he nonetheless received notice of German’s motion for a default judgment and did not respond.  As a result, the court did not err in entering a default judgment against Brossart under N.D.R.Civ.P. 55(a).

 

B

[¶20] Brossart also argues German failed to prove the existence of an attorney-client agreement between itself and Brossart, precluding a default judgment.

[¶21] Brossart’s argument triggers an adequacy of proof analysis under N.D.R.Civ.P. 55(a).  Because Brossart’s argument requires a review beyond the face of the judgment, we conclude the issue is outside the scope of our review.  
See
 
Riemers
, 2008 ND 191, ¶ 11, 757 N.W.2d 50 (quoting 
Stedman
, 465 N.W.2d at 176 (“When a default judgment is appealed, rather than a district court’s order regarding a N.D.R.Civ.P. 60(b) motion to vacate the default judgment, [we] review[] the default judgment to determine if ‘irregularities appear on the face of the judgment.’”)).

 

III

[¶22] We modify the district court judgment to reflect that a defendant has twenty-

one days to respond to a summons and complaint under N.D.R.Civ.P. 12(a)(1)(A) and that Brossart “appeared” under N.D.R.Civ.P. 55(a).  We affirm the judgment.

[¶23] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.