2013 ND 27

**Kira Lynn BURGARD, Plaintiff and Appellee**

**v.**

**Dammon Jon BURGARD, Defendant and Appellant.**

No. 20120285.

Supreme Court of North Dakota.

Feb. 26, 2013.

Stephen R. Dawson, Fargo, N.D., for plaintiff and appellee.

Jeff A. Bredahl, Fargo, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Dammon Burgard appeals from the trial court's default judgment awarding Kira Burgard primary residential responsibility of the parties' two minor children. We conclude the face of the judgment roll did not contain an irregularity. Therefore, we affirm the default judgment.

I

[¶ 2] On February 15, 2012, Kira Burgard sued for divorce and primary residential responsibility of the parties' two children. On March 7, 2012, the trial court issued an order granting Dammon Burgard a thirty-day extension to April 6, 2012, to secure counsel and file an answer. On April 6, 2012, Dammon Burgard had not filed an answer. On April 9, 2012, Kira Burgard served upon Dammon Burgard and filed an affidavit of no answer, a notice of motion for default judgment, a motion for default judgment, a brief in support of motion for default judgment, and an affidavit of proof in support of default judgment. On April 23, 2012, Dammon Burgard filed an answer, counterclaim, response opposing the motion for default judgment, and affidavit of proof.

[¶ 3] The trial court granted default judgment on May 17, 2012. The trial court found the best interests of the minor children warranted awarding Kira Burgard primary residential responsibility and Dammon Burgard parenting time.

[¶ 4] Dammon Burgard appeals the trial court's default judgment awarding Kira

Burgard a divorce and primary residential responsibility of the minor children. He argues the trial court abused its discretion in granting Kira Burgard's motion for default judgment and awarding primary residential responsibility to Kira Burgard without a hearing and without sufficient evidence to evaluate the best interests of the child factors under N.D.C.C. § 14–09–06.2(1).

## II

[¶ 5] In 1957, the North Dakota Supreme Court promulgated the North Dakota Rules of Civil Procedure superceding the previously codified form of the rules under N.D.R.C. ch. 28. N.D.R.Civ.P. 85 (Supp.1957); *see also* N.D.R.Civ.P. 86, Explanatory Note (stating "[t]he North Dakota Rules of Civil Procedure originally took effect on July 1, 1957).[1] Rule 55, N.D.R.Civ.P., mirrors the language of N.D.R.C. §§ 28–0902 to 28–0906, and since its enaction, N.D.R.Civ.P. 55 has remained largely unchanged.

[¶ 6] The current rule is also an adaptation of Fed.R.Civ.P. 55, but with several changes. N.D.R.Civ.P. 55, Explanatory Note. Under Fed.R.Civ.P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Because a default judgment may be set aside for good cause in federal court, an appellant may appeal directly from the default judgment, and the appellate court may reverse the entry of default judgment if the trial court abused its discretion. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir.1996); *Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir.1996); *New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127–28,

(2d Cir.2011) (holding an appellate court reviews whether the trial court abused its discretion in granting a default judgment).

[¶ 7] Under N.D.R.Civ.P. 55, "[t]he federal provision subdivision (c) for setting aside default was not adopted." N.D.R.Civ.P. 55, Explanatory Note. " 'Rule 60(b) N.D.R.Civ.P. is the exclusive means for opening a default judgment.' " *Flemming v. Flemming*, 2010 ND 212, ¶ 3, 790 N.W.2d 762 (quoting *Shull v. Walcker*, 2009 ND 142, ¶ 12, 770 N.W.2d 274). Therefore, the default judgment may not be set aside for "good cause." *See* N.D.R.Civ.P. 55, Explanatory Note.

[¶ 8] In *Flemming*, we explained the grounds for relief from a default judgment:

Where a default judgment is entered against a defendant, the defendant should not appeal but may move the district court for relief from the default judgment under N.D.R.Civ.P. 60(b). Rule 60(b)[,] N.D.R.Civ.P.[,] is the exclusive means for opening a default judgment. The district court may grant the motion for relief from a default judgment in order to decide a case on the merits. If the district court denies the N.D.R.Civ.P. 60(b) motion, the defendant then can appeal the order denying the motion to vacate the default judgment.

2010 ND 212, ¶ 3, 790 N.W.2d 762 (citations omitted).

[¶ 9] Therefore, the trial court may only set aside a default judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have

---

1. In Table B of the Appendix to the North Dakota Rules of Civil Procedure, Rule 55(a) is listed as superseding N.D.R.C. §§ 28–0902 to 28–0906. N.D.R.C. tit. 28, App., Table B (Supp.1957).

been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

N.D.R.Civ.P. 60(b).

[¶ 10] Dammon Burgard did not move to set aside the default judgment under N.D.R.Civ.P. 60(b). He is not, therefore, appealing from an order denying a motion to vacate the default judgment, rather he is appealing from the default judgment. We require a party to move to set aside the default judgment before appealing to this Court. *Overboe v. Odegaard,* 496 N.W.2d 574, 577 (N.D. 1993). This allows the trial court to review its decision before the matter is submitted to the appellate court. *Flemming,* 2010 ND 212, ¶ 3, 790 N.W.2d 762 (holding an issue must be presented to the trial court before it can become the basis for an appeal).

[¶ 11] By failing to move to set aside the default judgment, Dammon Burgard limited our ability to reverse or set aside the default judgment. "When a default judgment is appealed, rather than a district court's order regarding a N.D.R.Civ.P. 60(b) motion to vacate the default judgment, [we] review[ ] the default judgment to determine if 'irregularities appear on the face of the judgment.' " *State ex rel. North Dakota Dept. of Labor v. Riemers,* 2008 ND 191, ¶ 11, 757 N.W.2d 50 (quoting *Reimers Seed Co. v. Stedman,* 465 N.W.2d 175, 176 (N.D.Ct.App.1991);

*see also Vogel v. Roberts,* 204 N.W.2d 393, 394 (N.D.1973)).

[¶ 12] "An irregular judgment is one that is materially contrary to an established form of procedure for the orderly administration of justice. 'Irregularity' usually means an irregularity of process or procedure." 49 C.J.S. *Judgments* § 410 (2009); *see also Burris v. Terminal R.R. Ass'n,* 835 S.W.2d 535, 538 (Mo.Ct.App. 1992) (holding, as encompassed within the rule on relief from judgment, a judgment is irregular if it is "materially contrary to an established form and mode of procedure for the orderly administration of justice"); *T.W.I. Investments, Inc. v. Pacific Aggregates, Inc.,* 726 S.W.2d 807, 809 (Mo. Ct.App.1987) (defining an irregularity in the judgment under its rule, as a "want of adherence to some procedural rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time, or improper manner").

[¶ 13] "[R]elief from judgment may not be granted, or a judgment vacated, for irregularity, unless the irregularity appears on the face of the record, and does not depend on proof beyond the record." 49 C.J.S. *Judgments* § 410 (2009); *see also Hardeman v. Roberts,* 214 Ga.App. 484, 448 S.E.2d 254, 255 (1994) (holding under Georgia statute a nonamendable judgment may be set aside for irregularities, if the irregularity is "apparent from the face of the record in the absence of the additional evidence"). In *T.W.I.,* the plaintiff failed to file an affidavit with the return of service, as required by Missouri law. 726 S.W.2d at 808–09. The Missouri Court of Appeals set aside the default judgment holding that the lack of an affidavit constituted an irregularity in the procedure and was patent on the face of the record. *Id.* at 810.

[¶ 14] We considered a default judgment on direct appeal in *Vogel*, 204 N.W.2d 393. We held, "[o]n an appeal from a judgment, where no specifications of error are attached to and served with the notice of appeal, [we] may consider only errors which appear on the face of the judgment roll." *Vogel*, 204 N.W.2d at 394. The "judgment roll" is "the summons, pleadings, or copies thereof, the verdict or decision, the report, if any, the offer of the defendant, a copy of the judgment, the statement of the case, if any, and all orders and papers in any way involving the merits and necessarily affecting the judgment." N.D.C.C. § 28-20-12(2).

[¶ 15] In 1991, the North Dakota Court of Appeals disposed of a direct appeal from a default judgment stating, "[t]he judgment itself is the only matter properly before us. No irregularities appear on the face of the judgment. The judgment is, therefore, affirmed." *Reimers Seed Co.*, 465 N.W.2d at 176. We have since applied the language, whether "irregularities appear on the face of the judgment," in reviewing default judgments on direct appeal. *See, e.g., Raymond J. German, Ltd. v. Brossart*, 2012 ND 89, ¶ 10, 816 N.W.2d 47; *Riemers*, 2008 ND 191, ¶ 11, 757 N.W.2d 50.

[¶ 16] In *Brossart*, Brossart directly appealed the trial court's default judgment. 2012 ND 89, ¶ 10, 816 N.W.2d 47. We reviewed the judgment and found two errors within the judgment. *Id.* First, the judgment said Brossart did not respond within twenty days of the complaint. *Id.* at ¶ 11. We held that this was erroneous because N.D.R.Civ.P. 12(a)(1)(A) allowed Brossart twenty-one days to respond. *Id.* Second, the judgment said Brossart had failed to answer or otherwise appear. *Id.* at ¶ 12. We held that Brossart's communication with German constituted an appearance under N.D.R.Civ.P. 55. *Id.* at ¶ 14.

We then looked to the record to determine whether the proper procedure was followed to enter a default judgment under N.D.R.Civ.P. 55. *Id.* at ¶ 18. We held, although "irregularities appear on the face of the judgment," the errors were "meaningless and [did] not render the judgment void, because German complied with N.D.R.Civ.P. 55(a) and the court's judgment was also in compliance with the Rule." *Id.* at ¶ 19.

[¶ 17] To the extent *Reimers Seed Co.*, 465 N.W.2d at 176; *Riemers*, 2008 ND 191, ¶ 11, 757 N.W.2d 50; and the analysis in *Brossart*, 2012 ND 89, ¶ 10, 816 N.W.2d 47, may lead to the conclusion that the merits of the default judgment may be reviewed on direct appeal, that conclusion is inaccurate. On an appeal from a default judgment granted in accordance with N.D.R.Civ.P. 55(a)(2), we may consider only irregularities of procedure or process that appear on the face of the judgment roll. There are no additional grounds for relief on an appeal brought directly from a default judgment. *See Flemming*, 2010 ND 212, ¶ 3, 790 N.W.2d 762; *Riemers*, 2008 ND 191, ¶ 11, 757 N.W.2d 50; *Overboe*, 496 N.W.2d at 577; *Vogel*, 204 N.W.2d at 394.

[¶ 18] Here, there are no irregularities apparent on the face of the judgment roll. Under N.D.R.Civ.P. 12(a)(1)(A), a defendant has twenty-one days to answer a complaint. If the defendant fails to answer or otherwise appear, a default judgment may be entered under N.D.R.Civ.P. 55(a). However, once a defendant appears in an action, a default judgment may not be entered without notice to the defaulting party. *Perdue v. Sherman*, 246 N.W.2d 491, 495 (N.D.1976); *see also* N.D.R.Civ.P. 55(a)(3). Under N.D.R.Civ.P. 55(a)(3), notice must be given and served with the motion for default judgment according to N.D.R.Ct. 3.2(a).

Rule 3.2(a)(2), N.D.R.Ct., provides the opposing party with fourteen days from the time of service to respond. If any party requests oral argument, that party must timely request oral argument, secure a time for argument, and serve notice of the argument on all other parties. N.D.R.Ct. 3.2(a)(3). A default judgment may then be granted based on the necessary proof to enable the trial court to determine and grant relief to the plaintiff. *Overboe*, 496 N.W.2d at 577 (citing N.D.R.Civ.P. 55(a)(2)).

[¶ 19] The judgment roll indicates that Dammon Burgard appeared on the record when he moved for an extension of time to answer the complaint. The trial court granted an extension of time to answer to April 6, 2012. After Dammon Burgard failed to timely answer, Kira Burgard served Dammon Burgard on April 9, 2012, with an affidavit of no answer, a notice of motion for default judgment, a motion for default judgment, a brief in support of motion for default judgment, and an affidavit of proof in support of default judgment. Dammon Burgard responded to the motion, answered, and counterclaimed on April 23, 2012. Dammon Burgard did not request a hearing on Kira Burgard's motion for default judgment. The trial court issued its findings of fact, conclusions of law, and order for default judgment on May 11, 2012. On May 17, 2012, the trial court entered its default judgment. Based on the judgment roll, Kira Burgard and the trial court conformed to the proper procedure and process under N.D.R.Civ.P. 55, and no irregularities appear on the face of the record.

### III

[¶ 20] Dammon Burgard argues the trial court abused its discretion by failing to consider and evaluate the best interest factors under N.D.C.C. § 14–09–06.2.

[¶ 21] A trial court has broad discretion in awarding primary residential responsibility. *Doll v. Doll*, 2011 ND 24, ¶ 8, 794 N.W.2d 425. However, the trial court must consider all of the relevant factors under N.D.C.C. § 14–09–06.2(1). *Id.* Its findings of fact must be stated with sufficient specificity to enable this Court to understand the factual basis for the decision. *Id.*

[¶ 22] Here, the trial court entered the default judgment in favor of Kira Burgard and awarded her with primary residential responsibility. The trial court found "it is in the best interests of the minor children if the Plaintiff is awarded the primary residential responsibility of the minor children." The trial court makes no further reference to the factors under N.D.C.C. § 14–09–06.2.

[¶ 23] Similar to this case, in *Flemming*, the trial court entered a default judgment awarding Amanda Flemming primary residential responsibility of the parties' minor children after Kendel Flemming failed to answer Amanda Flemming's complaint. 2010 ND 212, ¶ 2, 790 N.W.2d 762. Kendel Flemming appealed directly from the default judgment. *Id.* We noted that the trial court failed to include in the default judgment a parenting plan and the parties' rights and responsibilities as required by N.D.C.C. §§ 14–09–30 and 14–09–32, respectively. *Flemming*, at ¶ 4. However, we dismissed the appeal, because the merits of a default judgment may not be examined on a direct appeal. *Id.* at ¶¶ 3, 5. In accordance with *Flemming*, we may not review the merits of this default judgment.

[¶ 24] In *Dethloff v. Dethloff*, 1998 ND 45, ¶ 12, 574 N.W.2d 867, the trial court sanctioned William Dethloff for misconduct by awarding Sandra Dethloff default judgment. In *Dethloff*, we said, when a trial

court enters default judgment under its inherent power to sanction, the sanction will only be overturned on appeal upon a showing of an abuse of discretion. *Id.* at ¶ 15. We reviewed the entry of that default judgment as an exercise of the trial court's inherent power to sanction a litigant for misconduct. *Id.* We held that the trial court "mistakenly believed" it could enter a default judgement without proof necessary to grant relief, and we reversed the judgment and remanded for the trial court to make sufficient findings of fact. *Id.* at ¶¶ 19, 24.

[¶ 25] This case is, however, distinguishable from *Dethloff.* Here, the trial court did not enter the default judgment as a sanction. The trial court entered the default judgment under N.D.R.Civ.P. 55 after Dammon Burgard failed to timely answer the complaint for a second time. This case is more analogous to *Flemming.* Therefore, we cannot examine the merits of the default judgment entered in this case to determine whether the trial court's findings were adequate.

## IV

[¶ 26] For the reasons stated, we only review a direct appeal from a default judgment entered under N.D.R.Civ.P. 55 for irregularities on the face of the judgment roll. To the extent this Court's prior decisions are inconsistent with this opinion, including dismissal of the appeal as was done in *Flemming,* they are overruled. We conclude the trial court entered the default judgment in accordance with the process and procedure required by N.D.R.Civ.P. 55(a), and there are no irregularities on the face of the judgment roll. Therefore, we affirm the default judgment.

[¶ 27] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 28] I respectfully dissent.

[¶ 29] This is a troubling case.

[¶ 30] The father, Dammon Burgard, had been actively participating in court-ordered mediation. The mother, Kira Burgard, was represented by counsel. The father, who was self-represented, had moved for and been granted additional time to file an answer. Although a settlement agreement resolving all issues had been signed by both parties, the mother "voided" the settlement agreement. Though she may have had good reason to do so, it is undisputed that the last of the three mediation sessions was on April 3, leaving the father only three days to find a lawyer and file an answer. Three days after the deadline, the mother moved for default judgment. Before default judgment was granted, the father, through his newly-hired lawyer, made the extensive responsive filing that would normally be made in a motion to vacate default judgment, including filing an answer and counterclaim. The mother then filed responsive documents, including a reply to the counterclaim.

[¶ 31] Although the order granting default judgment says it was entered after hearing, the court's docket reflects that no hearing was held. The court by default awarded primary residential responsibility, established child support, and divided assets.

[¶ 32] The reason for requiring a motion to vacate default judgment before appealing is to ensure that the district court has the opportunity to view and consider the material. As the majority says, at ¶ 10, "This allows the trial court to review its decision before the matter is submitted to the appellate court. *Flemming v. Flemming,* 2010 ND 212, ¶ 3, 790 N.W.2d 762 (holding an issue must be presented to

the trial court before it can become the basis for an appeal).” But here the material had already been filed and presented to the district court.

[¶ 33] Finally, at ¶¶ 17 and 26, to the extent the opinions lead to the conclusion that the merits of the default judgment may be reviewed on direct appeal, the majority overrules three of our prior decisions: *Reimers Seed Co. v. Stedman*, 465 N.W.2d 175, 176 (N.D.App.1991); *State ex rel. Dep't of Labor v. Riemers*, 2008 ND 191, ¶ 11, 757 N.W.2d 50; and the analysis in *Raymond J. German, Ltd. v. Brossart*, 2012 ND 89, ¶ 10, 816 N.W.2d 47.

[¶ 34] Deciding primary residential responsibility by default is highly undesirable. That this Court's rule for divorce mediation, N.D. Sup.Ct. Admin. Order 17, may have lured a party into believing the case was being resolved by agreement of the parties is most troubling.

[¶ 35] I would reverse and remand.

[¶ 36] Dale V. Sandstrom