2016 ND 35

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Patricia GOODALE, Defendant and Appellant.**

**No. 20150230.**

Supreme Court of North Dakota.

Feb. 18, 2016.

Rehearing Denied March 15, 2016.

Barbara L. Whelan, Assistant State's Attorney, Grafton, N.D., for plaintiff and appellee; on brief.

Patricia A. Goodale, Lankin, N.D., defendant and appellant; on brief.

SANDSTROM, Justice.

[¶ 1]  Patricia Goodale appeals from a default judgment for abatement of a nuisance.  Because we conclude no irregularities of process or procedure appear on the face of the judgment roll, we affirm.

I

[¶ 2]  In June 2015, the State began this civil action against Goodale, contending that her home was a public nuisance.  The Walsh County sheriff's office personally served Goodale with the summons and complaint.  On August 5, 2015, after several weeks without receiving an answer from Goodale, the State filed with the district court an affidavit of default and proof for judgment; proposed findings of fact, conclusions of law, and order for abatement; and a proposed judgment.  On August 7, 2015, the district court signed the findings and order, and a default judgment for abatement of nuisance was entered.  Goodale was served notice of the judgment.  Goodale did not seek relief from the default judgment in the district court under N.D.R.Civ.P. 60(b), but has instead appealed directly to this Court.

[¶ 3]  The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06.  Goodale's appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 4]  On appeal, Goodale contends the district court exceeded its juris-

diction by not requiring an action for abatement of nuisance be brought by the attorney general, the state health officer, the state's attorney, or a citizen of Walsh County, and by allowing the State to pursue a "private nuisance" without allegation or evidence of a special injury to a private right not common to the public. She also argues the State did not introduce sufficient evidence to prove a nuisance and the court's finding there was a nuisance on her real property was clearly erroneous.

[¶5] In *Flemming v. Flemming,* 2010 ND 212, ¶3, 790 N.W.2d 762, we explained how to seek relief from a default judgment:

> Where a default judgment is entered against a defendant, the defendant should not appeal but may move the district court for relief from the default judgment under N.D.R.Civ.P. 60(b). Rule 60(b)[,] N.D.R.Civ.P.[,] is the exclusive means for opening a default judgment. The district court may grant the motion for relief from a default judgment in order to decide a case on the merits. If the district court denies the N.D.R.Civ.P. 60(b) motion, the defendant then can appeal the order denying the motion to vacate the default judgment.

*Flemming,* at ¶3 (citations and quotation marks omitted). Thus, a party must move to set aside a default judgment before appealing to this Court so as to allow the district court to review its decision before the case is submitted to the appellate court. *See Burgard v. Burgard,* 2013 ND 27, ¶10, 827 N.W.2d 1; *Flemming,* at ¶3; *Overboe v. Odegaard,* 496 N.W.2d 574, 577 (N.D.1993).

[¶6] When a party fails to move to set aside the default judgment, our review is limited. *See Burgard,* 2013 ND 27, ¶11, 827 N.W.2d 1. On appeal directly from a default judgment granted under N.D.R.Civ.P. 55(a)(2), we may consider "only irregularities of procedure or process that appear on the face of the judgment roll. There are no additional grounds for relief on an appeal brought directly from a default judgment." *Burgard,* at ¶17. Under N.D.C.C. § 28–20–12(2), the "judgment roll" means "the summons, pleadings, or copies thereof, the verdict or decision, the report, if any, the offer of the defendant, a copy of the judgment, the statement of the case, if any, and all orders and papers in any way involving the merits and necessarily affecting the judgment." *See Burgard,* at ¶14.

[¶7] "An irregular judgment is one that is materially contrary to an established form of procedure for the orderly administration of justice. 'Irregularity' usually means an irregularity of process or procedure." *Burgard,* 2013 ND 27, ¶12, 827 N.W.2d 1 (quoting 49 C.J.S. *Judgments* § 410 (2009)). "[R]elief from judgment may not be granted, or a judgment vacated, for irregularity, unless the irregularity appears *on the face of the record,* and does not depend on proof *beyond the record.*" *Burgard,* at ¶13 (emphasis added) (quoting 49 C.J.S. *Judgments* § 410 (2009)).

[¶8] Here, because Goodale appealed from the default judgment without seeking relief under N.D.R.Civ.P. 60(b), our review is limited to whether irregularities of procedure or process appear on the face of the judgment roll. The judgment roll shows the summons and complaint and corresponding exhibits were filed on June 5, 2015. The sheriff's return from the Walsh County sheriff's office was filed on August 4, 2015, reflecting Goodale was served on June 8, 2015. On August 5, 2015, the State filed an affidavit of default and proof for judgment; proposed findings of fact, conclusions of law and order for abatement nuisance; proposed judgment for abate-

ment of nuisance; and an affidavit of service by mail. The State sought default judgment after more than 21 days had passed without Goodale filing an answer or making an appearance on the record in this case. On August 7, 2015, the district court signed and filed the findings of fact, conclusions of law, and order for abatement of nuisance, and a judgment was entered.

[¶ 9] On the basis of our review, we conclude no irregularities of process or procedure appear on the face of the judgment roll. We therefore affirm the default judgment.

III

[¶ 10] The default judgment is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.