Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 19

Justin Ray Campbell, Plaintiff

v.

Shannon Marie Thompson,

n/k/a Shannon Marie Holbrook, Defendant and Appellant

No. 20170184

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Justin Ray Campbell, plaintiff.  No appearance.

Shannon M. Holbrook, East Grand Forks, MN, defendant and appellant.

Campbell v. Thompson

No. 20170184

VandeWalle, Chief Justice.

[¶1] Shannon Marie Thompson/Holbrook directly appealed from a district court order of default judgment granting Justin Ray Campbell primary residential responsibility of their minor son, B.R.C. On a direct appeal from a default judgment granted under N.D.R.Civ.P. 55, the standard of review is limited to whether “irregularities appear on the face of the judgment roll.” 
Burgard v. Burgard
, 2013 ND 27, ¶ 10, 827 N.W.2d 1. Under the North Dakota Rules of Civil Procedure, the exclusive means for opening a default judgment is through a motion to vacate the judgment. 
Filler v. Bragg
, 1997 ND 24, ¶ 8, 559 N.W.2d 225. We affirm.

[¶2] Under N.D.R.Civ.P. 12(a)(1)(A), a defendant has 21 days to answer a complaint. If the defendant fails to answer or otherwise appear, a default judgment may be entered under N.D.R.Civ.P. 55(a). However, once a defendant appears in an action, a default judgment may not be entered without notice to the defaulting party.
 Burgard
, 2013 ND 27, ¶ 18, 827 N.W.2d 1; 
see also 
N.D.R.Civ.P. 55(a)(3). Under N.D.R.Civ.P. 55(a)(3), notice must be given and served with the motion for default judgment according to N.D.R.Ct. 3.2(a). Rule 3.2(a)(2), N.D.R.Ct., provides the opposing party 14 days from the time of service to respond. If any party requests oral argument, that party must timely request oral argument, secure a time for argument, and serve notice of the argument on all other parties. N.D.R.Ct. 3.2(a)(3). A default judgment may then be granted based on the proof necessary to enable the district court to determine and grant relief to which the plaintiff may be entitled. 
Overboe v. Odegaard
, 496 N.W.2d 574, 577 (N.D. 1993) (
citing 
N.D.R.Civ.P. 55(a)(2)).

[¶3] Here, the judgment roll indicates that on January 19, 2017, Campbell served Thompson a summons and complaint seeking sole decision-making authority and primary residential responsibility of B.R.C. On February 21, 2017, after the 21 day response deadline passed, Campbell served Thompson a notice of motion and motion for default judgment. Thompson acknowledged receipt of the notice of motion and motion for default judgment on March 9, 2017, but she did not respond. Campbell served Thompson a notice of default hearing on March 15, 2017. A default hearing was held on April 3, 2017, which Thompson did not attend. Campbell testified at the hearing, and the court found Campbell had proven his complaint and motion. The district court issued its findings of fact, conclusions of law, and order for default judgment on April 5, 2017. On April 10, 2017, the district court entered its default judgment.

[¶4] Based on the judgment roll, Campbell and the district court followed the proper procedure and process under N.D.R.Civ.P. 55, and no irregularities appear on the face of the record. Because there are no irregularities on the face of the judgment roll, we affirm. 

[¶5] Gerald W. VandeWalle, C.J.

Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte