FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 17, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 253

Riley S. Kuntz,                                                 Plaintiff and Appellant

v.

Ashlynn D. Leiss and
Joseph R. Westbrook,                                                      Defendants

No. 20200119

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Riley S. Kuntz, self-represented, Dickinson, ND, plaintiff and appellant; submitted on brief.

Ashlynn D. Leiss and Joseph R. Westbrook, defendants; no appearance.

**VandeWalle, Justice.**

[¶1]   Riley Kuntz appealed from the district court's default judgment entered in his favor. Kuntz argues the district court erred by denying his damages for trespass. We affirm.

I

[¶2]   Kuntz sued Ashlynn Leiss and Joseph Westbrook for trespass and theft of his cat trap. Neither Leiss nor Westbrook answered the complaint or otherwise appeared. Following an evidentiary hearing, the district court granted default judgment in favor of Kuntz. The court found a trespass and conversion of the cat trap had occurred. The court awarded Kuntz a money judgment for conversion of the cat trap, but found he did not suffer any actual damages as a result of the trespass.

II

[¶3]   Kuntz argues the district court erred by denying his damages for trespass, including punitive damages and damages for emotional distress.

[¶4]   When a non-prevailing party at the district court appeals from a default judgment our review is limited to determining whether irregularities appear on the face of the judgment. *Burgard v. Burgard*, 2013 ND 27, ¶ 11, 827 N.W.2d 1. However, here Kuntz was the plaintiff and is the appellant. He was the prevailing party and now argues the district court erred by denying him damages for trespass. The appropriate standard of review in an appeal challenging a district court's award of damages is whether the court's findings of fact are clearly erroneous. *Buri v. Ramsey*, 2005 ND 65, ¶ 17, 693 N.W.2d 619. A finding of fact is clearly erroneous if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law. *Id.* A district court's conclusions of law are fully reviewable. *Fargo Foods, Inc. v. Bernabucci*, 1999 ND 120, ¶ 10, 596 N.W.2d 38.

[¶5]   "Civil trespass is a common law tort in North Dakota and is not statutorily defined." *Tibert v. Slominski*, 2005 ND 34, ¶ 15, 692 N.W.2d 133. "This Court has defined trespass as an intentional harm, where a person intentionally and without a consensual or other privilege . . . enters land in possession of another or any part thereof or causes a thing or third person so to do." *Id.* (quotations omitted). A person who commits a trespass "is liable as a trespasser to the other irrespective of whether harm is thereby caused to any of his legally protected interests." *Id.*

[¶6]   The district court found that Leiss and Westbrook trespassed on Kuntz's land. However, it denied him an award of damages on this cause of action because he did not prove he suffered any actual damages from the trespass. In fact, the court noted that Kuntz testified that he suffered no actual damages.

[¶7]   Although Kuntz claims the district court erred by denying him damages for trespass, he does not specifically argue that he suffered any actual or compensatory damages, or the district court erred in finding he had no actual damages. Thus, at most, nominal damages could be awarded. *See* N.D.C.C. § 32-03-38 ("When a breach of duty has caused no appreciable detriment to the party affected, the party may recover nominal damages."); *Smith v. Carbide and Chemicals Corp.*, 226 S.W.3d 52, 55 (Ky. 2007) (stating that "in intentional trespass, in order to recover more than nominal damages, a property owner must prove 'actual injury'"). Although we conclude the district court should have awarded Kuntz nominal damages for succeeding on his trespass claim, its failure to do so does not warrant reversal of the judgment. *See Hummel v. Mid Dakota Clinic, P.C.*, 526 N.W.2d 704, 709 (N.D. 1995) (stating that "because of the trivial amount, the failure to award nominal damages does not warrant reversal of a judgment unless a significant right or a question of costs is involved").

[¶8]   Further, the district court did not err by failing to award exemplary damages. Section 32-03.2-11, N.D.C.C., provides, in relevant part:

> Upon commencement of the action, the complaint may not seek exemplary damages. After filing the suit, a party may make a motion to amend the pleadings to claim exemplary damages. The

2

motion must allege an applicable legal basis for awarding exemplary damages and must be accompanied by one or more affidavits or deposition testimony showing the factual basis for the claim.

The record does not show Kuntz moved to amend the pleadings to claim exemplary damages as required by statute. Thus, exemplary damages were not properly before the district court, and we will not consider such damages on appeal.

[¶9]   Kuntz does not identify any evidence in the record, or otherwise provide supporting facts or argument that he suffered emotional distress as a result of the trespass. Accordingly, the issue is waived. *See State v. Obrigewitch*, 356 N.W.2d 105, 109 (N.D. 1984) ("Where a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue.").

[¶10] We conclude the district court did not err by failing to award damages for Kuntz's trespass claim.

### III

[¶11] We affirm the default judgment.

[¶12] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

3